■ *Clinton Central School District, Respondent, v Clinton Teach- ers' Association, Appellant.—Case stricken from the calendar with leave to appellant to restore upon the filing of a proper record on appeal. Memorandum: Respondent Clinton Teachers' Association appeals from an order of Special Term which granted petitioner Clinton Central School District's application to vacate an arbitration award pursuant to CPLR 7511. The following issue was submitted to arbitration: "Did the district violate Article 20 of the collective agreement between the parties in failing or refusing to allow the grievant, Craig

---

* Decision vacated, Feb. 23, 1979.

Haverly, sabbatical leave for the academic year 1974-75? If so, what shall be the remedy?" The arbitrator granted the grievance and awarded grievant a sabbatical leave for the 1975-1976 school year without damages. The arbitrator concluded after finding certain ambiguities in the langauge of the agreement that: "It is fairly apparent that the language of the contract, the history of negotiations and the past practices of the parties did not intend to confer absolute discretion on the Board but to limit it to the qualifications stated in the contract * * * Presumably, the provisions did entitle the Board to review the Superintendent's decision only as to the conditions and qualifications stated in article 20. * * * It is manifest that the denial was made essentially because of financial consideration and in the erroneous belief that it had unlimited authority to do so." He held that the board of education of the school district was bound to approve the application submitted to it by the superintendent and the sabbatical leave selection committee provided the criteria for approval of the application set out in article 20 of the collective agreement of the parties had been met and that the board could not deny a sabbatical leave application submitted to it solely for budgetary reasons. The instant record on appeal contains none of the background evidentiary matter alluded to by the arbitrator in support of his award other than the agreement itself and no transcript of the proceedings before him. The rationality of the arbitrator's award cannot receive proper appellate review without an adequate record. Counsel cannot make an inadequate record complete for the purposes of appellate review merely by their stipulation (*Guarnacci v Ferguson,* 29 AD2d 839). The case is stricken from the calendar with leave to the appellant to restore upon a proper record on appeal being filed. (Appeal from order of Oneida Supreme Court—arbitration.) Present—Marsh, P. J., Simons, Dillon, Hancock, Jr., and Denman, JJ.