■ Maria DeCarvalhosa, Respondent, v Renata Adler, Appellant. [748 NYS2d 755] —Order, Supreme Court, New York

County (Paula Omansky, J.), entered March 7, 2002, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction due to improper service of process, unanimously reversed, on the law, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff, the owner of real property located at 242 East 62nd Street in Manhattan, commenced the instant action for $91,800 in past-due rent against defendant, a former tenant of a duplex apartment in plaintiff's building. Defendant did not serve an answer to the complaint, but instead moved to dismiss the complaint on the ground of improper service. In support of the motion, defendant's 94-year-old mother submitted an affidavit stating that she found a copy of the summons and complaint in this action outside the door of her apartment at 69 West 83rd Street in Manhattan, and that defendant did not reside with her at such apartment. Subsequently, defendant submitted her own affidavit stating that after vacating the 62nd Street premises, she had no permanent residence, lived in a hotel for a short time and had her mail forwarded to her mother's address in Connecticut, but did not reside there. Defendant has never revealed her current address.

In opposition, plaintiff argued that "nail-and-mail" service pursuant to CPLR 308 (4) was properly effected upon defendant at the 69 West 83rd Street address since defendant's mother provided no actual proof that defendant did not reside there. Plaintiff further asserted that defendant was properly served via substituted service (CPLR 308 [2]) by delivery of a copy of the summons and complaint to a person of suitable age and discretion, to wit, defendant's mother (the aforementioned affiant), at an address in Danbury, Connecticut. Plaintiff learned of this Connecticut address from the United States Post Office, whose representatives advised that defendant was having her mail forwarded to said address.

The IAS court denied the motion to dismiss. Initially, it found that both methods of service were not in compliance with the CPLR. It concluded that the service at the West 83rd Street address was ineffective because the only evidence in the record with respect to defendant's residence is that defendant did not live there (see CPLR 308 [4]), and that service at the Connecticut address was flawed because even if defendant resided there, there was no follow-up mailing as required by the statute (see CPLR 308 [2]).

Nevertheless, the court ruled that "[i]n order to avoid the injustice which arises because [defendant's] actual abode can-

not be located despite resonable [*sic*] diligence, the court deems plaintiff's attempts at service a nunc pro tunc application for a court-ordered improvised service directive under CPLR 308 (5), and deems that service had been properly made." The court further noted that due process concerns are not implicated since defendant received actual notice of the action against her.

On appeal, defendant argues that the court erred in upholding service pursuant to CPLR 308 (5) because plaintiff failed to meet two of the statute's requirements: that a request for court-ordered service be made by motion and that plaintiff demonstrate that service under subdivisions (1), (2) and (4) of CPLR 308 was "impracticable."

The IAS court's implicit ruling that other forms of service were "impracticable" is justified by its finding that plaintiff made diligent attempts to serve defendant, who is "apparently a woman without a domicile." However, reversal is required because the statute also requires that court-ordered service be authorized only "upon motion without notice" (CPLR 308 [5]; *see also Metropolitan Cas. & Prop. Ins. Co. v Suggs*, 268 AD2d 240).

Unlike *Morgan Guar. Trust Co. of N.Y. v Hauser* (183 AD2d 683), where the plaintiff had cross-moved in the trial court for a nunc pro tunc order deeming plaintiff's prior attempted service sufficient under CPLR 308 (5), plaintiff herein made no such motion. Instead, plaintiff merely contended that the two attempts at service were valid under the CPLR, a determination we have concluded was error. Accordingly, the complaint must be dismissed. Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.