■ KARIN DE VRIES, Appellant, v METROPOLITAN TRANSIT AUTHORITY et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [783 NYS2d 540]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered September 12, 2003, which, after a traverse hearing, found that plaintiff had not properly served defendants-respondents New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority, denied her application for leave to re-serve pursuant to CPLR 306-b, and dismissed the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiff's application for leave to re-serve defendants-respondents New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority within 120 days of the date of this decision and order, and otherwise affirmed, without costs.

Plaintiff, having supplied this Court with an appellate record which includes—with respect to the traverse hearing—only the closing arguments, has deprived this Court of the ability to review her claim that defendants-respondents New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority (hereinafter respondents) were properly served. Indeed, a party alleging error must present an adequate

record for appellate review (*see People v Kinchen*, 60 NY2d 772 [1983]; *Clinton Cent. School Dist. v Clinton Teachers' Assn.*, 63 AD2d 854 [1978]; *Hynard v Apt, Inc.*, 2001 NY Slip Op 40561[U] [App Term, 2d & 11th Jud Dists 2001]). In any event, it appears that plaintiff has abandoned this claim on appeal. Although plaintiff argues in her main brief that the court erred in finding that respondents were not properly served, in her reply brief, she claims not to challenge this finding.

We also decline to disturb the hearing court's finding, based on this record, that plaintiff failed to make a showing of due diligence, and therefore did not establish good cause for leave to re-serve respondents. However, we find that the hearing court improvidently exercised its discretion in not allowing plaintiff to re-serve respondents in the interest of justice.

CPLR 306-b provides that service of a summons and complaint shall be made within 120 days of filing the complaint with the clerk of the court. If service is not made within that time frame, a party's time to serve may be extended "upon good cause shown or in the interest of justice" (*see* CPLR 306-b). This statute provides two distinct standards for an extension of time (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]; *Matthews v St. Vincent's Hosp. & Med. Cent.*, 303 AD2d 327 [2003]). The legislative history indicates that the interest of justice standard is a broader standard designed "to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Report of Commercial and Fed Litig Section Comm on CPLR, Bill Jacket, L 1997, ch 476, at 14). As explained by the Court of Appeals, "[t]he interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader, supra* at 105). Thus, a court "may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106). No single factor is determinative.

Numerous factors are present here which warrant an extension of time for plaintiff to re-serve respondents. In support of her claim that she was injured while a passenger on a bus owned and operated by respondents, plaintiff submitted a doctor's report which supports a colorable claim of serious injury under the Insurance Law. Within 90 days of the incident, plaintiff

served a notice of claim upon respondents.* Thereafter, plaintiff timely filed the summons and complaint with the clerk of the court and then attempted service on respondents within the statutory time period (*see Citron v Schlossberg*, 282 AD2d 642 [2001]). Furthermore, respondents have made no showing of prejudice in the event plaintiff is granted leave to re-serve. Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.

---

* Plaintiff claims to have also participated in a hearing pursuant to section 50-h of the General Municipal Law. While plaintiff offers no support for this in the record on appeal, respondents do not controvert this assertion.