■ Sonya Mead, Appellant, v Lisa A. Singleman, Respondent. [806 NYS2d 783]—

Kane, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered January 3, 2005 in Ulster County, which, inter alia, granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

On March 26, 2001, plaintiff and defendant were involved in an automobile accident. Plaintiff commenced this personal injury action by filing a summons and complaint on March 15, 2004, 10 days before the expiration of the statute of limitations. Pursuant to CPLR 306-b, plaintiff had 120 days from that date, or until July 13, 2004, to effect service upon defendant. After an ineffectual effort to serve defendant in March 2004, the Schenectady County Sheriff's Department mailed a copy of the pleadings to the residence of defendant's mother in Schenectady County on or about April 23, 2004, in an attempt to serve defendant. The record does not include a copy of the affidavit of service, nor a statement that the affidavit of service was filed with the clerk of the court within 20 days of delivery or mailing (*see* CPLR 308 [2]). Defendant, who did not reside at her mother's residence, served an answer on May 17, 2004, raising the affirmative defenses of lack of jurisdiction and the statute of limitations.

On July 12, 2004, defendant moved to dismiss the complaint on the grounds raised in her answer. According to plaintiff's counsel, on July 13, 2004 plaintiff served a copy of the pleadings on a person of suitable age and discretion at defendant's last known address, which appeared in the accident report and in Department of Motor Vehicles records. Plaintiff's counsel also alleged that an affidavit of service was filed the same day. The record does not include that affidavit of service, although it would presumably have been part of Supreme Court's record at the time the subject motions were under consideration. The same day as this last attempt at service, July 13, 2004, plaintiff moved by order to show cause for an extension of the 120-day time period within which to serve defendant. Supreme Court granted defendant's motion to dismiss the complaint, thereby denying plaintiff's motion for an extension of time for service. Plaintiff appeals.

CPLR 306-b permits the court to extend the 120-day time period for service "upon good cause shown or in the interest of justice"; these are two separate standards upon which to base an application for an extension (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312, 313 [2004]). Plaintiff failed to show reasonable diligence in attempting to effect service, as required to demonstrate good cause for an extension of time (*see Leader v Maroney, Ponzini & Spencer, supra* at 104; *de Vries v Metropolitan Tr. Auth., supra* at 313). Her ineffective attempts did not comply with statutory service requirements and plaintiff's papers failed to outline reasonable steps taken to locate defen-

dant (*compare Busler v Corbett,* 259 AD2d 13 [1999]). After pleadings were apparently mailed to defendant's mother, no further timely attempts at service were undertaken, despite defendant's failure to acknowledge service and her assertion of a jurisdictional defense in her answer. Plaintiff first attempted to cure this defect after defendant moved to dismiss the complaint on the very day the 120-day period expired and after the statute of limitations had elapsed. Although plaintiff alleges that the March 2004 service attempt failed because the process server determined that no such address existed, plaintiff allegedly served papers at that address on July 13, 2004. Thus, Supreme Court correctly determined that plaintiff was not entitled to an extension for good cause shown.

A different result is required under the alternative standard. The interest of justice standard is broader and permits the court to consider many factors, including the meritorious nature of the action, the expiration of the statute of limitations, the length of delay in service, plaintiff's diligence, promptness of plaintiff's request for an extension of time and prejudice to defendant (*see Leader v Maroney, Ponzini & Spencer, supra* at 105-106). Here, service was attempted several times, albeit ineffectually, before the final attempt on the last day for service. Plaintiff moved for an extension before the 120-day time period expired, which may be seen as an indication of diligence (*see* Siegel, NY Practice § 63, at 87 [3d ed]). Accepting plaintiff's counsel's allegations as true, the pleadings were served on a person of suitable age and discretion at defendant's place of abode and the affidavit of service was filed within the time period for service. Assuming plaintiff also properly mailed the pleadings, all that was required for service to be complete was the expiration of 10 days from filing (*see* CPLR 308 [2]). There was no proof of prejudice to defendant. As public policy favors resolution of cases on the merits (*see Aabel v Town of Poughkeepsie,* 301 AD2d 739, 739 [2003]), and considering the above factors, relief is warranted here (*see Beauge v New York City Tr. Auth.,* 282 AD2d 416, 416 [2001]; *Scarabaggio v Olympia & York Estates Co.,* 278 AD2d 476, 476 [2000], *affd sub nom. Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). We grant plaintiff's motion to extend the time for service by 10 days, the time necessary to complete the service attempted on July 13, 2004, the last day of the 120-day period. We remit to Supreme Court for a hearing to determine whether that service was sufficient under CPLR 308 to obtain personal jurisdiction over defendant.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without

costs, defendant's motion denied, plaintiff's motion granted, the time for service is extended 10 days past July 13, 2004, and matter remitted to the Supreme Court for a hearing on defendant's motion.