■ KYOKO YAMAMOTO, Respondent-Appellant, v HIDEHIKO YAMAMOTO, Appellant-Respondent. [842 NYS2d 10]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered November 8, 2006, which denied plaintiff's request that service of the summons and complaint on defendant be permitted by personal delivery to his attorneys, granted plaintiff's motion for an extension of time to serve the summons and complaint, permitted plaintiff to apply for reimbursement of attorney fees and costs to defray the expense of effectuating service on defendant in Japan, subject to reallocation at trial from the escrowed proceeds of the sale of the marital home, and held in abeyance defendant's cross motion to confirm a Referee's report, unanimously affirmed, without costs.

Order, same court and Justice, entered on or about November 15, 2006, which granted defendant's motion to confirm the Referee's report to the extent that the Referee found defendant had not been personally served and granted plaintiff's motion to extend her time to serve defendant, in accordance with the prior order, unanimously affirmed, without costs.

Although defendant admitted that the process server attempted service of a summons with notice upon him at the marital apartment in Manhattan on April 13, 2005, and it appears that he responded evasively when asked if he was Mr. Yamamoto, the court properly found no error in the Referee's finding that defendant was not properly served with process. Since the Referee's findings are supported by the record, there is no basis to disturb the decision of the court confirming his report (*see Freedman v Freedman*, 211 AD2d 580 [1995]).

The court did not improvidently exercise its discretion in

granting plaintiff an extension of time to serve defendant, in the interest of justice, given plaintiff's demonstration of reasonably diligent attempts to serve within the 120-day period after filing the summons with notice (CPLR 306-b), her reasonably prompt request for the extension, and the absence of prejudice to defendant, who has long had notice of plaintiff's claims (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 107 [2001]).

In view of the procedures in place for effectuating service upon defendant in Japan, and the absence of any evidence that service in that manner is "impracticable," the court properly denied plaintiff's request, pursuant to CPLR 308 (5), for an order directing that service on defendant be effectuated by personal delivery of process upon his attorneys (*cf. Dobkin v Chapman*, 21 NY2d 490, 498 [1968]). Moreover, given defendant's alleged removal to Japan and his alleged failure to provide any support for his infant daughter, who allegedly lives in Manhattan with her mother, the court providently granted plaintiff leave to apply for funds to defray the additional expense of effectuating personal service upon defendant in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361 [1965]).

Defendant, who appeared and testified at the traverse hearing and, according to plaintiff, allegedly maintains an apartment in Manhattan, may, as suggested by the IAS court, avoid any more delay and expense in having this marital- and child-support dispute resolved by authorizing his New York attorney to accept service of process on his behalf. Concur—Tom, J.P., Andrias, Nardelli, Williams and Buckley, JJ.