MICHELLE COOPER et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Defendant, and ITALIAN AMERICAN CIVIL RIGHTS LEAGUE, INC., Respondent. [864 NYS2d 317]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 18, 2007, as granted the motion of the defendant Italian American Civil Rights League, Inc., in effect, pursuant to CPLR 306-b and 3211 (a) (8) to dismiss the complaint insofar as asserted against it, and, in effect, denied their cross motion pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the motion of the defendant Italian American Civil Rights League, Inc., in effect, pursuant to CPLR 306-b and 3211 (a) (8) to dismiss the complaint insofar as asserted against it is denied, and the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve that defendant with the summons and complaint is granted; and it is further,

Ordered that the time for the summons and complaint to be served upon the defendant Italian American Civil Rights League, Inc., is extended until 45 days after service upon the plaintiffs of a copy of this decision and order.

After a careful analysis of the circumstances of the case, a balancing of the competing interests articulated by the parties, and consideration of all relevant factors, including, inter alia, the expiration of the statute of limitations prior to the plaintiffs' discovery that the initial, timely service upon the defendant Italian American Civil Rights League, Inc., was defective, and the lack of identified prejudice to that defendant from the delay, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of time in the interest of justice to serve that defendant with the summons and complaint (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Chiaro v D'Angelo*, 7 AD3d 746 [2004]; *Earle v Valente*, 302 AD2d 353, 354 [2003]; *Seon Uk Lee v Corso*, 300 AD2d 385, 386 [2002]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.