■ DAWN M. DUJANY, Respondent, v EARL GOULD JR., Appellant. [882 NYS2d 343]—

Malone Jr., J. Appeal from an order of the Supreme Court (Krogmann, J.), entered August 14, 2008 in Warren County, which, among other things, granted plaintiff's motion for an extension of time to effect service of the summons and complaint.

After allegedly slipping and falling on defendant's property on January 11, 2005, plaintiff commenced this personal injury action by filing a summons with notice in the Warren County Clerk's office in August 2007. On September 17, 2007, Deputy Sheriff Matt Braunius of the Essex County Sheriff's Department served the summons with notice on defendant's mother at her residence. Braunius, however, executed an affidavit that he served defendant's mother at defendant's residence. On September 25, 2007, defendant appeared and demanded the complaint and subsequently served an amended answer containing the affirmative defense of lack of personal jurisdiction. In December 2007, defendant moved to dismiss the complaint based on lack of personal jurisdiction or, alternatively, for a traverse hearing to determine whether jurisdiction was obtained over defendant. Plaintiff opposed the motion, relying on Braunius's affidavit of service. Supreme Court thereafter withheld judgment on the motion to dismiss and ordered a traverse hearing.

In June 2008, Braunius informed plaintiff's counsel that his initial affidavit of service was incorrect and that he had indeed served defendant's mother at her residence. Plaintiff then moved by order to show cause for an extension to effectuate proper service on defendant pursuant to CPLR 306-b. Supreme Court subsequently denied defendant's motion to dismiss the complaint and granted plaintiff an extension to complete service on defendant. Defendant now appeals and we affirm.

CPLR 306-b provides, as relevant here, that in instances where proper service of a summons and notice is not made within 120 days of its filing, a court may extend the time for service "in the interest of justice." Defendant contends that Supreme Court erred in granting the extension as plaintiff, through allegations contained in defendant's motion to dismiss,

was specifically made aware of the ineffective service prior to the expiration of the statute of limitations and failed to timely act to effectuate service. Granting such an extension in the interest of justice is discretionary and in making its determination a court may consider many factors, including the plaintiff's diligence, whether the statute of limitations has expired, the meritorious nature of the action, the length of delay in service, the promptness of the plaintiff's request for the extension of time and prejudice to the defendant (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Mead v Singleman*, 24 AD3d 1142, 1144 [2005]; *City of Albany v Wise*, 298 AD2d 783, 784 [2002]). Accordingly, while plaintiff's diligence is a factor, it is but one of the factors to be considered under the interest of justice standard (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 104). Moreover, as the affidavit of defendant's mother, which was the basis of the motion to dismiss, did not contradict the assertion in Braunius's affidavit of service that he served the mother at defendant's residence, in that she did not articulate where she was served, we cannot conclude that plaintiff's continued reliance on Braunius's affidavit constituted a lack of diligence.*

Regarding the other relevant factors, the statute of limitations had expired by the time the defect in service was discovered (*see Cooper v New York City Bd. of Educ.*, 55 AD3d 526, 527 [2008]) and plaintiff promptly requested an extension (*see Yamamoto v Yamamoto*, 43 AD3d 372, 373 [2007]). Additionally, the verified complaint demonstrated the merit of the action (*see Abu-Aqlein v El-Jamal*, 44 AD3d 884, 885 [2007]) and, contrary to defendant's contention, there is no demonstrable proof of prejudice to defendant (*see Cooper v New York City Bd. of Educ.*, 55 AD3d at 527; *Robles v Mirzakhmedov*, 34 AD3d 554, 555 [2006]). Defendant's remaining contention is not preserved for our review.

Spain, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

* CPLR 308 (2) provides that personal jurisdiction may be obtained over a defendant by service to a person of suitable age and discretion at the defendant's dwelling and an affidavit of service by a process server "ordinarily constitutes prima facie evidence of proper service" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]).