■ ALICE WISHNI, Respondent, v LEONARD TAYLOR, Also Known as LEONARD C. TAYLOR, Also Known as LEONARD C. TAYLOR, III, Appellant. [903 NYS2d 813]—

McCarthy, J. Appeal from that part of an order of the Supreme Court (Hall, Jr., J.), entered July 1, 2009 in Washington County, which denied defendant's cross motion to dismiss the complaint and amended complaint.

Plaintiff alleges that she was injured in July 2005 after she fell as a result of negligent design or maintenance of an apartment building at 2318 Broadway in the City of Schenectady, Schenectady County. She was a tenant in that building, which was owned by defendant. Plaintiff commenced this action by filing the summons and complaint in July 2008. After three failed attempts at personal delivery, plaintiff's process server affixed the summons and complaint to the door of 1½ Cimino Lane in Schenectady—listed as defendant's address on plaintiff's July 2005 lease—and mailed a copy of the papers to that address.

In October 2008, plaintiff filed an amended summons and complaint that corrected typographical errors. In response to plaintiff's November 2008 ex parte motion to extend the time to serve defendant, in December 2008 Supreme Court provided plaintiff additional time, ordering that service of the amended papers upon defendant by " 'nail and mail' service" on the Cimino Lane and Broadway addresses "shall be considered good and adequate service." A few days prior to the court signing the order, plaintiff's process server affixed and mailed the amended summons and complaint to three locations—the two addresses specified by Supreme Court as well as another location revealed by the process server's search.[1] Defendant avers that none of those addresses was his actual place of business or dwelling place in 2008.

---

1. Defendant avers, and plaintiff does not contest, that defendant never had any connection to the third location where the process server affixed and mailed the documents.

Plaintiff moved for a default judgment. Defendant cross-moved to, among other things, dismiss the complaint and amended complaint for lack of personal jurisdiction. Supreme Court denied plaintiff's motion and the portion of defendant's cross motion seeking dismissal. The court also held that service was completed in the manner set forth in the December 2008 order and amended that order nunc pro tunc to make it effective as of the date that plaintiff's process server affixed and mailed the papers. Defendant now appeals from the portion of the order denying his cross motion to dismiss.

Plaintiff's purported service of the summons and complaint in July 2008 was ineffective. Under the "nail and mail" provision of the CPLR, a plaintiff may mail process to the defendant's last known residence, but the process must be affixed to the defendant's "actual place of business, dwelling place or usual place of abode" (CPLR 308 [4]). Because the summons and complaint here were affixed to the door of defendant's last known residence on Cimino Lane—where he had not lived for more than two years—rather than his actual dwelling place, that attempted service did not comply with the statute and was ineffective (*see Feinstein v Bergner*, 48 NY2d 234, 239-241 [1979]; *Spath v Zack*, 36 AD3d 410, 413 [2007]; *Community State Bank v Haakonson*, 94 AD2d 838, 839 [1983]).

Purported service of the amended summons and complaint was also defective. Although plaintiff attempts to characterize her November 2008 motion as an application for an extension of time to serve defendant and for permission to use an alternate method of service under CPLR 308 (5), the "wherefore" clause of her attorney's affirmation supporting the motion, the order to show cause and the December 2008 order granting the motion all state that the motion sought only an extension of time for service. A court may only direct an alternate method of service "upon motion" seeking such relief "if service is impracticable" under certain other subdivisions of the statute (CPLR 308 [5]). The December 2008 order should not have included an alternate method of service because plaintiff did not request that relief in her motion and did not make a sufficient showing that service was otherwise impracticable (*see David v Total Identity Corp.*, 50 AD3d 1484, 1485 [2008]; *DeCarvalhosa v Adler*, 298 AD2d 293, 295 [2002]).[2] Plaintiff's attempted service by affixing the amended summons and complaint to the Cimino

---

**2.** The December 2008 order permitted " 'nail and mail' service" at two addresses. If plaintiff and Supreme Court believed that defendant lived at the Cimino Lane address, service under CPLR 308 (1), (2) or (4) would have been practicable there, rendering CPLR 308 (5) unavailable.

Lane address was ineffective because it was not defendant's actual dwelling place and no efforts were made to personally serve him at that address (*see* CPLR 308 [4]). Similarly, the Broadway address was not defendant's actual dwelling place or place of business and no efforts were made to personally serve him there. Thus, plaintiff never properly served defendant with the summons and complaint or amended summons and complaint.

While timely service was not effected, late service may be permitted by a court "upon good cause shown or in the interest of justice" (CPLR 306-b). Under the circumstances here, plaintiff is entitled to an extension of time to serve defendant in the interest of justice. Plaintiff timely purported to serve defendant in a manner (now determined to be defective) that was approved by Supreme Court, the statute of limitations has run and defendant was not prejudiced because he actually received notice of the action (*see Spath v Zack*, 36 AD3d at 413-414; *Matter of Standifer v Goord*, 285 AD2d 912, 913 [2001]; *see also Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Mead v Singleman*, 24 AD3d 1142, 1144 [2005]). We thus extend plaintiff's time to serve the amended summons and complaint upon defendant for an additional 30 days from the date of this Court's decision.

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by extending plaintiff's time to serve the amended summons and complaint upon defendant for 30 days from the date of this Court's decision, and, as so modified, affirmed.