*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015                    520104
_____

KIP A. HEATH,
                    Respondent,

        v

BRIAN R. NORMILE,                          MEMORANDUM AND ORDER
                    Defendant,
        and

JOSEPH A. PISTOIA,
                    Appellant.
_____


Calendar Date:  May 28, 2015

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.

_____


        Hiscock & Barclay, LLP, Rochester (Aubrey A. Roman of
counsel), for appellant.

        Gallagher Law Office, Binghamton (Brian R. Gallagher of
counsel), for respondent.

_____


Rose, J.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered June 18, 2014 in Broome County, which,
among other things, denied defendant Joseph A. Pistoia's motion
to dismiss the action against him for failure to timely serve the
complaint.

        By filing a summons with notice on the last day before the
expiration of the statute of limitations, plaintiff commenced
this action seeking to recover damages for injuries sustained
when he was hit by a vehicle operated by defendant Joseph A.

Pistoia (hereinafter defendant).  Although plaintiff then mistakenly served defendant with a bare summons, defendant nevertheless responded with a demand for a complaint and, when no complaint was forthcoming, moved to dismiss the action for failure to comply with CPLR 305 (b) and 3012 (b).  Plaintiff orally opposed the motion and, with Supreme Court's permission, filed written opposition after the return date and requested an extension of time to effect service of the complaint pursuant to CPLR 306-b.  Supreme Court denied defendant's motion to dismiss and granted plaintiff an extension of time for service in the interest of justice.  Defendant appeals.

We agree with Supreme Court that while plaintiff filed an adequate summons with notice prior to the expiration of the statute of limitations (see CPLR 304 [a]), his service of a bare summons was "a nullity" (Fulton v State of New York, 35 AD3d 977, 978 [2006], lv denied 8 NY3d 809 [2007]; see Matter of Hawkins v McCall, 278 AD2d 638, 638 [2000], lv denied 96 NY2d 713 [2001]).  In the absence of service, defendant's demand for a complaint was premature and did not invoke the time limits of CPLR 3102 (b) (see Ryan v High Rock Dev., LLC, 124 AD3d 751, 752 [2015]; Micro-Spy, Inc. v Small, 9 AD3d 122, 125-126 [2004]).  Accordingly, we find no error with respect to Supreme Court's denial of the motion to dismiss.

Turning to plaintiff's request for an extension of time to serve, the discretionary interest of justice standard allows a court to consider such factors as the plaintiff's diligence in attempting service, the expiration of the statute of limitations, the meritorious nature of the claim, the length of the delay, diligence in seeking an extension of time and prejudice to the defendant (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; Mead v Singleman, 24 AD3d 1142, 1144 [2005]; City of Albany v Wise, 298 AD2d 783, 784 [2002]).  Despite plaintiff's clear lack of diligence here, we perceive no abuse of discretion in Supreme Court's conclusion that an extension of time for service was warranted based upon the demonstration of merit, the expiration of the statute of limitations and, given plaintiff's communication and cooperation with defendant's insurance carrier well prior to the commencement of the action, the lack of any prejudice to defendant (see Wishni v Taylor, 75 AD3d 747, 749

[2010]; Dujany v Gould, 63 AD3d 1496, 1498 [2009]; Mead v Singleman, 24 AD3d at 1144). Further, under the circumstances here, plaintiff's failure to file a formal notice of cross motion is not fatal to his request for an extension of time to permit service (see Wechsler v People, 13 AD3d 941, 942 [2004]; Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn., 178 AD2d 871, 872 [1991]; Guggenheim v Guggenheim, 109 AD2d 1012, 1012-1013 [1985]). Finally, we find no abuse of the court's discretion in accepting plaintiff's late papers inasmuch as defendant was afforded an opportunity to reply (see Associates First Capital v Crabill, 51 AD3d 1186, 1187-1188 [2008], lv denied 11 NY3d 702 [2008]; Pallete Stone Corp. v Guyer Bldrs., 194 AD2d 1019, 1020 [1993]; Whiteford v Smith, 168 AD2d 885, 885 [1990]).

Garry, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court