Amica Ins. v Baum (2020 NY Slip Op 01418)





Amica Ins. v Baum


2020 NY Slip Op 01418


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528246

[*1]Amica Insurance, as Subrogee of William Baird Trust, Respondent,
v
Jeff Baum, Appellant.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


O'Connor, O'Connor, Bresee & First, PC, Albany (Carol Crummey of counsel), for appellant.
Creedon & Gill, PC, Northport (Christopher Lampert of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Hoye, J.), entered September 25, 2018 in Fulton County, which denied defendant's motion to vacate an ex parte order.
Plaintiff commenced this subrogation action by filing a summons and complaint on June 22, 2017. Because it was unable to personally serve process upon defendant, plaintiff moved for an ex parte order seeking, as relevant here, an extension of the time within which to effectuate service. In a March 2018 order, Supreme Court granted plaintiff's motion. Defendant thereafter moved to vacate the March 2018 order. The court denied defendant's motion, prompting this appeal. We affirm.
A court may extend the time period within which to serve process upon a showing of good cause or in the interest of justice (see CPLR 306-b). Even if we agreed with defendant that plaintiff failed to satisfy the good cause standard, we find that an extension was correctly granted under the interest of justice standard. In deciding whether an extension should be granted in the interest of justice, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; see Mead v Singleman, 24 AD3d 1142, 1144 [2005]). Whether to grant or deny an extension is a matter committed to the discretion of the court (see Della Villa v Kwiatkowski, 293 AD2d 886, 887 [2002]).
Defendant asserts that there was a lack of diligence by plaintiff. We disagree. The record discloses that plaintiff, on more than one occasion, attempted to personally serve defendant with process, albeit unsuccessfully, within the requisite 120-day period and that plaintiff made searches and inquiries to ascertain defendant's address. We also reject defendant's argument that plaintiff's motion for an extension of time was late. Although the record reflects that plaintiff's motion was noticed in February 2018, the motion was originally made in October 2017 — approximately when the 120-day period to effectuate service was expiring — and plaintiff was directed by Supreme Court to resubmit it. Furthermore, defendant does not allege that he suffered any prejudice by the extension. To the extent that defendant contends that plaintiff failed to demonstrate a meritorious claim, such argument is raised for the first time on appeal and, therefore, not properly before us (see Nationstar Mtge. LLC v Adee, 172 AD3d 1693, 1695 [2019]).[FN1] In view of the foregoing, we discern no abuse of discretion by Supreme Court in granting plaintiff an extension of time in which to serve defendant (see Heath v Normile, 131 AD3d 754, 755-756 [2015]; Wishni v Taylor, 75 AD3d 747, 749 [2010]; Dujany v Gold, 63 AD3d 1496, 1497-1498 [2009]). Accordingly, the court correctly denied defendant's motion to vacate.
Clark, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Even if properly preserved, the verified complaint demonstrated the merits of the claim (see Dujany v Gould, 63 AD3d 1496, 1498 [2009]).