**Aerogen LLC v Tapjets Holdings Inc.**

2024 NY Slip Op 32828(U)

August 12, 2024

Supreme Court, New York County

Docket Number: Index No. 652472/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

----------------------------------------------------------------------X

AEROGEN LLC, STARSHIP 1 LLC,

                              Plaintiffs,

                - v -

TAPJETS HOLDINGS INC., TAPJETS, INC.,
TAPJETS TECHNOLOGIES INC., EUGENE
KESSELMAN, MARIA TSENAEVA-KESSELMAN

                              Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652472/2024 |
| **MOTION DATE** | 07/17/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122 were read on this motion to/for <u>ALTERNATE SERVICE</u>.

Plaintiffs Aerogen LLC and Starship 1 LLC (hereinafter "Plaintiffs") seeks leave to serve Defendants Eugene Kesselman and Maria Tsenaeva-Kesselman (hereinafter and collectively "Individual Defendants") by alternative means pursuant to CPLR § 308.  Namely, Plaintiffs seek to serve Individual Defendants *via* their individual, known e-mail addresses as well as their counsel's known e-mail address.

### <u>Relevant Factual and Procedural History</u>

This matter presents a multifaceted dispute arising from the parties' relative relationships pertaining to a pair of aircrafts located in Florida.  NYSCEF Doc. No. 1, at ¶ 1.  Plaintiffs bring the present suit seeking to recover based upon: (1) "Defendant Tapjets' failure to manage and maintain a Bombardier turbo-fan jet aircraft and a Cirrus Design Corp. propellor aircraft under management agreements between Tapjets and Starship;" (2) breach of the "loan agreements under which Plaintiff Aerogen and a third party lender advanced millions of dollars to cover all alleged expenses to operate and maintain the aircraft under the management agreements;" and (3) "Defendants' misrepresentations and Tapjets' breaches of warranty arising from the purchase of all issued and outstanding membership interests in Starship, the owner of the two aircraft."  *Id.*

Plaintiffs commenced the present suit by the filing of the Summons and Complaint on May 13, 2024.  NYSCEF Doc. No. 1.  However, two days prior, Defendant Eugene Kesselman filed a complaint against Plaintiff Starship 1 LLC (hereinafter "Starship") *pro se* in the Eleventh Judicial Circuit of Florida (hereinafter "Florida Action").  NYSCEF Doc. 105, at ¶ 6.  In connection with the Florida Action, Defendant Kesselman registered the e-mail address "eugene@tapjets.com," and communicated with Plaintiff's counsel and representatives of Aerogen using the

**652472/2024   AEROGEN LLC ET AL vs. TAPJETS HOLDINGS INC. ET AL**
**Motion No.  005**

**Page 1 of 5**

1 of 5

aforementioned e-mail address; Defendant Tsenaeva-Kesselman is copied on portions of these e-mail communications as maria@tapjets.com. NYSCEF Doc. Nos. 107 (Pls. Ex. B, Email Notification to E. Kesselman from Florida State Court), 108 (Pls. Ex. C, Email Exchange between Plaintiffs' Counsel and E. Kesselman), 109 (Pls. Ex. D, Email Exchange between Plaintiffs' Representatives and Individual Defendants).

After filing of the Summons and Complaint, Plaintiffs attempted to effectuate service as to each of the Defendants. NYSCEF Doc. No. 104 at 5–8. Plaintiffs requested Defendant Kesselman's consent to be served *via* e-mail at the above-referenced address, but no response was received and, on June 11, 2024, Defendant Kesselman verbally refused to accept service *via* e-mail. *Id.* at 8; NYSCEF Doc. No. 110 (Pls. Ex. E, Plaintiffs May 15, 2024 Email to Individual Defendants).

On May 20, 2024, Plaintiffs attempted service on Individual Defendants, personally at a residential address "apparently owned" by Individual Defendants in Coral Springs, Florida. *Id.* at 8. Plaintiffs learned from unnamed parties that Individual Defendants only occupied the Coral Springs residence "a few weeks out of the year." *Id.*; NYSCEF Doc. No. 111 (Pls. Ex. F, May 21, 2024 Report Provided by Plaintiffs Process Server).

On May 22, 2024, Plaintiffs attempted to effectuate personal service at another residence reportedly owned by Individual Defendants in Spring, Texas. *Id.* The process server observed that the residence appeared to be vacant, and that the property was listed for sale. *Id.* The process server contacted the realtor listed on the sale sign and was provided the e-mail address of eugene@tapjets.com for Defendant Kesselman. *Id.*; NYSEF Doc. No. 112 (Pls. Ex. G, May 23, 2024 Report Provided by Plaintiffs Process Server).

The next day, Plaintiffs attempted to serve Individual Defendants at a business address located in Houston, Texas. *Id.* at 9. Upon arrival, Plaintiffs' process server observed that the address was occupied by a different, non-party business entity. *Id.* The process server spoke with building management at the Houston address and learned that Defendant Tapjets Inc. (hereinafter "Tapjets") was occupying a different suite in the building. *Id.* Upon arrival at the second suite, the process server observed that it was empty and that notice regarding an attempted delivery had been taped to the door implying that the suite had been vacant since December 2023. *Id.*; NYSCEF Doc. No. 113 (Pls. Ex. H, May 24, 2024 Report Provided by Plaintiffs Process Server).

On July 10, 2024, Plaintiffs attempted to serve Defendant Kesselman during a proceeding in Bankruptcy Court in the Southern District of Florida. *Id.* at 10. The process server entered the Judge Corali Lopez-Castro's courtroom to serve Defendant Kesselman but was escorted out of the courtroom by an unidentified U.S. Marshall. *Id.* The process server then waited for Defendant Kesselman in the courthouse until the process server was asked to leave by security. *Id.* The process server then waited in a park near the courthouse, but was unable to locate and serve Defendant Kesselman. *Id.*; NYSCEF Doc. Nos. 116 (Pls. Ex. K, July 10, 2024 Report Provided by Plaintiffs Process Server), 117 (Pls. Ex. 117, July 10, 2024 Report Provided by Plaintiffs Process Server).

Finally, Plaintiffs attempted to serve Individual Defendants at a Miami business address on July 15, 2024, but, again, found the location to be vacant. *Id.*; NYSCEF Doc. No. 118 (Pls. Ex.

**652472/2024 AEROGEN LLC ET AL vs. TAPJETS HOLDINGS INC. ET AL** **Page 2 of 5**
Motion No. 005

2 of 5

[* 2]

M, July 15, 2024 Report Provided by Plaintiffs Process Server), 119 (Pls. Ex. N, July 15, 2024 Report Provided by Plaintiffs Process Server).

## Legal Discussion

CPLR § 306-b states, in relevant part, "[s]ervice of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding. . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." CPLR § 308 expounds on the service requirement by establishing acceptable methods of service when the party to be served is an individual. CPLR § 308(5) allows for service upon an individual, or as here persons, "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." "The only limitation contained in subdivision five is the requirement of impracticability of the other forms of service. In our opinion, the standard to determine compliance therewith is somewhat less than the 'due diligence' as required by subdivision four." *Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226, 229 (1st Dept. 1982), *aff'd*, 447 N.E.2d 74 (1983) (internal citations omitted).

Plaintiffs have established that traditional methods of service have proven to be impracticable. "A showing of impracticability under 308(5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to Subdivisions (1), (2) or (4) of CPLR 308." *Franklin v. Winard*, 592 N.Y.S.2d 726 (1st Dept. 1993). However, the Appellate Division has routinely held that multiple failed attempts to serve a defendant constitutes sufficient evidence of impracticability. *See, e.g., DeCarvalhosa v. Adler*, 748 N.Y.S.2d 755 (1st Dept. 2002); *City of New York v. Clark*, 650 N.Y.S.2d 709 (1st Dept. 1996); *LTD Trading Enterprises v. Vignatelli*, 574 N.Y.S.2d 745 (1st Dept. 1991).

Here, Plaintiffs first sought consent to serve Individual Defendants *via* e-mail, but were rejected by Defendant Kesselman. NYSCEF Doc. No. 104 at 8. Then, Plaintiffs attempted to serve Individual Defendants at two residential address, two business addresses, and a courthouse, but to no avail. *Id.* at 8–10. Plaintiffs have demonstrated reasonable efforts to effectuate personal service and have further demonstrated that such efforts have been fruitless. Accordingly, Plaintiffs have established that traditional methods of service as required by CPLR § 308 are impracticable, and that an alternate means as directed by this Court are justified.

Plaintiffs have further established that the method proposed—service using the known e-mail addresses of Individual Defendants and their counsel—would adequately apprise the parties of this matter. The Supreme Court of the United States held that, with respect to alternate service, "there can be no doubt that at a minimum [due process] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. C. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). In other words, any court-approved form of service must, at least, provide the opposing party with actual or constructive notice of the pending action. *See Dobkin v. Chapman*, 21 N.Y.2d 490, 501 (1968) ("Notice and an opportunity to be heard are, of course, high among the traditional elements of fair procedure included in the concept of due process. . . Our law has long been comfortable with many

652472/2024 **AEROGEN LLC ET AL vs. TAPJETS HOLDINGS INC. ET AL** **Page 3 of 5**
Motion No. 005

situations in which it was evident, as a practical matter, that parties to whom notice was ostensibly addressed would never in fact receive it. . . Of course, as the foregoing discussion demonstrates, what might be inadequate notice in one kind of situation will amount to due process in another."). Additionally, e-mail service is proper "as long as there has been a showing that those methods are 'reasonably calculated to apprise defendants of the pendency of the action.'" *Alfred E. Mann Living Tr. v. ETIRC Aviation S.a.r.l.*, 910 N.Y.S.2d 418, 422–23 (1st Dept. 2010) (quoting *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007).

Here, Plaintiffs identified e-mail address purportedly belonging to Individual Defendants, based on the fact that they have communicated with Individual Defendants at these addresses. NYSCEF Doc. No. 105 at ¶¶ 6–10. Further, Defendant Kesselman's e-mail address was registered with the Florida Court system to receive notifications regarding the Florida Action. *Id.* at ¶ 7. Meanwhile, Defendant Tsenaeva-Kesselman's e-mail was utilized to conduct business on behalf of Defendant Tapjets and was included on relevant e-mail communications submitted as exhibits to this motion. *Id.* at ¶ 9. Finally, Plaintiffs point out that Counsel for Individual Defendants utilized his e-mail address to communicate with Plaintiffs in this matter. *Id.* at ¶ 11. Furthermore, Counsel's e-mail is registered with Counsel's NYSCEF account to access and utilize NYSCEF. Accordingly, the alternate method of service proposed by Plaintiffs is reasonably calculated to give actual or constructive notice of the matter, thus meeting the due process requirement element of CPLR § 308(5).

Individual Defendants argue that allowing e-mail service in this matter would run afoul of CPLR and reminds this Court that Individual Defendants filed a motion to dismiss this action on jurisdictional and venue grounds. However, as noted *supra*, the issue of service is one of due process and does not necessarily waive objections as to jurisdiction and venue. *See Keane v. Kamin*, 94 N.Y.2d 263, 265 (1999) ("One component involves service of process, which implicates due process requirements of notice and opportunity to be heard… The other component of personal jurisdiction involves the power, or reach, of a court over a party, so as to enforce judicial decrees. This consideration--the jurisdictional basis--is independent of service of process. Service of process cannot by itself vest a court with jurisdiction over a non-domiciliary served outside New York State, however flawless that service may be.") (internal citations omitted).

Plaintiffs' service of process on Individual Defendants *via* e-mail to their known e-mail addresses and their Counsel's e-mail address the first component of personal jurisdiction—due process and notice. The granting of alternate service where Plaintiff has established impracticability of other forms of service, does not abridge Individual Defendants' right to challenge the jurisdictional power of this Court. Counsel's opposition to the present motion incorrectly conflates the two components in an attempt to make Plaintiffs' application appear to lack basis in the law. Individual Defendants' opposition is unconvincing.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion seeking leave to serve Defendants Eugene Kesselman and Maria Tsenaeva-Kesselman pursuant to CPLR § 308(5) is granted; it is further

**ORDERED** that Plaintiffs shall serve Defendant Eugene Kesselman by e-mailing all necessary documents to "eugene@tapjets.com" and shall serve Defendant Maria Tsenaeva-

652472/2024  AEROGEN LLC ET AL vs. TAPJETS HOLDINGS INC. ET AL                    **Page 4 of 5**
Motion No.  005

4 of 5

[* 4]

Kesselman by e-mailing all necessary documents to "maria@tapjets.com" and shall further serve all necessary documents on Individual Defendants through their counsel's e-mail address as it appears on NYSCEF on or before August 14, 2024; and it is further

**ORDERED** that Defendants shall register for service of papers in this action *via* NYSCEF on or before August 16, 2024.

The foregoing constitutes the decision and order of this Court.

| **8/12/2024** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |
| CHECK ONE: | | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | | ☒ | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652472/2024  AEROGEN LLC ET AL vs. TAPJETS HOLDINGS INC. ET AL
Motion No.  005

Page 5 of 5

5 of 5