■ MICHELE DE CANDIA, Respondent, v HUDSON WATERWAYS, INC., et al., Respondents, and JUNIOR LEHMANN, Appellant. — Order of the Supreme Court, New York County (Pecora, J.), entered November 5, 1981, granting the motion of plaintiff to strike the affirmative defenses of defendant Junior Lehmann and denying the cross motion of Junior Lehmann to dismiss the action reversed, on the law, without costs, the motion to dismiss the affirmative defenses denied and the cross motion to dismiss the complaint is granted. Junior Lehmann (Lehmann) is a Danish company. Its principal office is in Copenhagen. It is described as the "managing owner" of a partnership, Partrederiet Junior VII, the registered owner of the vessel *M/V Junior Lotte*

(*Lotte*). On March 28, 1977 in Paris, France, Lehmann entered into a time charter with Chesapeake Trading Corporation (Chesapeake), a Virginia corporation. Chesapeake, in turn, subchartered the vessel to defendant Seatrain Lines International, S. A. of which Seatrain Lines, Inc., a Delaware corporation, is the parent organization (collectively referred to as Seatrain). On or about May 20, 1977, *Lotte* was berthed at Pier H. Port Seatrain, Weehawken, New Jersey. Plaintiff, a longshoreman and a resident of New Jersey was aboard the *Lotte,* performing services in connection with the business of the vessel. While so employed, plaintiff was injured. Thereupon, he brought this action under the Federal Longshoremen's and Harbor Workers' Compensation Act (US Code, tit 33, § 901 *et seq.*). Service of the summons and complaint upon Lehmann was made by delivering a copy thereof to Charles Hess, an officer of Hudson Waterways, Inc. (Hudson) in this State. Hudson it is claimed, was agent for defendant Lehmann. One Kurt Rasmussen, the managing director of Lehmann, denies that Lehmann ever engaged Hess, or Hudson, to act for Lehmann in any capacity. Hudson contends to the contrary asserting that the acts performed by it, as agent for Seatrain, redounded to the benefit of Lehmann inasmuch as they relieved Lehmann of obligations which under the time charter it would ordinarily be required to perform. However, in another proceeding in this case Hess and Hudson asserted a contrary position. After service of the summons and complaint in this action, the action was removed to the United States District Court for the Southern District of New York. Plaintiff moved to remand the case to the State court. In opposition to that motion Hess asserted that "Hudson Waterways Corp. was the local agent in New York for Seatrain International S.A. at all material times mentioned in the Complaint". In the affidavit he swore "[a]t no time did Hudson Waterways ever contract as agent or otherwise for goods or services to be supplied to the M.V. *'Junior Lotte'*. Furthermore, Hudson Waterways Corp. never acted as agent or otherwise in respect to the contracting for, hiring or conduct of the stevedoring operations, or the employment or supervision of the master, officers or crew of the M.V. *'Junior Lotte'* ". CPLR 311 provides in pertinent part: "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service". We are aware that CPLR 311 (subd 1) should not be read narrowly. The precise title of the person served is of small moment so long as his position in the corporate hierarchy is such as to warrant the conclusion that notice of the action given to him will result in notice to the corporation (*Fashion Page v Zurich Ins. Co.,* 50 NY2d 265; *Tauza v Susquehanna Coal Co.,* 220 NY 259). Service upon an outsider will not suffice even though the outsider thereafter conveys notice to the corporation. "The primary responsibility for ensuring proper service is upon the plaintiff and his agent, the process server" (*Fashion Page v Zurich Ins. Co., supra,* p 275 [Gabrielli, J., concurring]). Here, that responsibility was not properly discharged. Not only did Hudson not bear any relationship to Lehmann, but it was not under any obligation to transmit notice of such service to Lehmann. The fact that it is claimed that it did so does not alter the situation. While the sovereign's arm may be long, it is not so long as to make amenable to the jurisdiction of its courts one who has not been served with process. Hence, the service upon Hudson was ineffective to render Lehmann amenable to the jurisdiction of the courts of this State. In light of this holding it becomes unnecessary to determine whether Lehmann could have been subjected to our jurisdiction had service properly been effected. Concur — Murphy, P. J., Carro, Markewich, Lupiano and Bloom, JJ.