■ JAN GAJDOS, Respondent, v HAUGHTON ELEVATOR, a Division of RELIANCE ELECTRIC COMPANY, Appellant. — In an action to recover damages for personal injuries, defendant Reliance Electric Company (hereinafter referred to as Reliance) appeals from (1) an order of the Supreme Court, Kings County (Held, J.), dated October 21, 1983, which denied its motion to dismiss the complaint as to it on the ground of lack of personal jurisdiction, and (2) an order of the same court, dated May 2, 1984, which denied its motion to renew.

Order dated May 2, 1984 reversed, Reliance's motion for renewal granted, and, upon renewal, order dated October 21, 1983, vacated, motion to dismiss granted, and complaint dismissed as to it for lack of personal jurisdiction.

Appeal from order dated October 21, 1983 dismissed as academic, in light of our determination with respect to the order dated May 2, 1984.

Reliance is awarded one bill of costs.

On June 24, 1983, a deputy sheriff of Bergen County, New Jersey, personally delivered a summons with notice to the "Office Supervisor of Schindler Haughton Elevator Corporation" at "4 ALISON WAY, LITTLE FERRY, NEW JERSEY". The defendant named in the caption of the summons was "HAUGHTON ELEVATOR, division of RELIANCE ELECTRIC COMPANY". Reliance is a Delaware corporation, registered with the New York State Secretary of State to do business in New York, and has appointed an agent to receive process in New York. At the time of the delivery of the summons with notice, Reliance had no office or employees, officers, directors, cashiers or agents in Little Ferry, New Jersey, and it had no business connection whatsoever with Schindler Haughton Elevator Corp. Schindler delivered the copy of the summons with notice to Reliance. In July 1983, Reliance served a "Notice of Appearance and Demand for Complaint" upon plaintiff's attorney. Thereafter, plaintiff served a complaint upon Reliance's attorney, which Reliance answered, asserting, *inter alia,* the affirmative defense of lack of personal jurisdiction. Reliance then moved for an order "dismissing" the complaint as to it on the ground of lack of personal jurisdiction.

Although plaintiff opposed Reliance's motion, he conceded at Special Term, and now on this appeal, that service of process

was never attempted or made upon Reliance. Moreover, plaintiff asserts that it never intended to name Reliance as a defendant, and that in fact Reliance is not a party defendant. He contends that although misnamed in the summons and in the complaint, Schindler Haughton Elevator Corp. is the proper party defendant whom plaintiff intended to sue.

Based upon the record and particularly in view of the above facts, we find that Reliance was never served with process and that jurisdiction was, therefore, never acquired over it (*see,* CPLR 301, 302, 311, 313; *see also,* Business Corporation Law §§ 304, 305, 307; *McDonald v Ames Supply Co.,* 22 NY2d 111). Accordingly, Special Term erred in denying Reliance's motion and in not dismissing the complaint as to it for lack of personal jurisdiction.

We pass upon no other questions. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.