■ FLORENCE PRIGENT, Respondent, v STUART FRIEDMAN et al., Defendants. CLUB 30 et al., Third-Party Plaintiffs-Respondents, v STUART FRIEDMAN, Third-Party Defendant-Appellant. [695 NYS2d 79] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 2, 1998, which denied defendant and third-party defendant Stuart Friedman's motion to dismiss the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

On June 6, 1995, plaintiff, Florence Prigent, commenced a personal injury action against defendants Stuart Friedman and Club 30 by the filing of a summons with notice. Service of process was not attempted until September 27, 28 and 29th and an affidavit of service was not filed in the County Clerk's office until October 23, 1995. Defendant Friedman moved to dismiss the complaint against him pursuant to CPLR 306-b for failure to timely file proof of service with the clerk of the court. Instead of moving for similar relief, Club 30 answered the plaintiff's complaint. The Supreme Court granted Friedman's motion and dismissed the complaint and severed the action as to this defendant. Thereafter, defendant Club 30 instituted a

third-party action against Friedman for indemnification and recovery of costs and attorneys' fees in defending the main action. Friedman moved to dismiss the third-party complaint, this time pursuant to CPLR 1008, upon the ground that he could assert the defense of failure to file proof of service as against defendant Club 30 in the main action. He contended that he had successfully moved to dismiss plaintiff's complaint and that Club 30 had the same opportunity but failed to so move. The court denied the motion as premature inasmuch as the motion was noticed less than 120 days subsequent to the date of filing of the third-party summons and complaint. The court further held that dismissal of the main action as to defendant Friedman did not mandate dismissal of the third-party action since it sought different relief.

The motion court erred in denying Friedman's motion to dismiss the third-party complaint. A third-party defendant has the right to assert against a plaintiff "any defenses which the third-party plaintiff has to the plaintiff's claim" (CPLR 1008). The waiver or failure of third-party plaintiff to raise the defense on its own behalf is no bar to dismissal nor is it significant that the third-party action sought different relief from that sought in the main complaint. Had defendant Club 30 properly moved to dismiss, the indemnification claim would be academic, and attorneys' fees would not have been incurred. Concur—Sullivan, J. P., Tom, Wallach, Lerner and Andrias, JJ.