(May 23, 2002)

■ FRANCIS BRAITHWAITE et al., Plaintiffs, v 409 EDGECOMBE AVENUE HDFC, as Successor-in-Interest to 409 EDGECOMBE AVENUE T.A., INC., Defendant and Third-Party Plaintiff-Respondent. RICHARD T. ROBERTS, as Commissioner of the New York City Department of Housing Preservation and Development, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [742 NYS2d 280] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about June 9, 2000, which, insofar as appealed from, denied third-party defendant New York City Department of Housing Preservation and Development's (HPD) motion for summary judgment dismissing third-party plaintiff housing development fund corporation's (HDFC) third-party complaint, unanimously reversed, on the law, without costs, summary judgment granted and the third-party complaint dismissed. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

Plaintiffs seek to recover from HDFC the attorneys' fees they incurred in a prior proceeding they brought against HDFC's alleged predecessor in interest, a tenants association organized under Private Housing Finance Law article 11. That prior proceeding successfully challenged a recall election that resulted in the ouster of two of the plaintiffs as tenants association board members and the tenants association's repudiation of its management contract with the third plaintiff. However, before a new election could be held, HPD transferred

title to the building to the newly formed HDFC, which elected a board that was not objectionable to plaintiffs. Plaintiffs then commenced this action, alleging that because they were never reinstated to the tenants association's board, the unlawful recall election deprived them of an opportunity to vote to have the tenants association reimburse them for the legal fees they incurred in challenging the election, and that HDFC rejected their subsequent requests for such reimbursement. HDFC responded with a third-party action against HPD, alleging that HPD was an "active participant if not the architect of the recall vote and election," and that HDFC is therefore entitled to indemnification from HPD for any attorneys' fees that HDFC may be required to pay plaintiffs.

The motion court erred in denying third-party defendant HPD's motion for summary judgment dismissing the third-party complaint, since the original plaintiffs failed to state a cause of action (*see,* CPLR 1008; *Prigent v Friedman,* 264 AD2d 568, 569; *Weitzner v New York City Dept. of Social Servs.,* 212 AD2d 414). Plaintiffs' claims for attorneys' fees lack the necessary basis in statute, court rule or agreement between the parties (*see, Chapel v Mitchell,* 84 NY2d 345, 348-349; *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491). The statutory provision plaintiffs cite, N-PCL 618, does not meet the requirement that a statute expressly authorize an award of attorneys' fees (*see, Matter of Green [Potter],* 51 NY2d 627, 629-630; *Chiavarelli v Williams,* 281 AD2d 255, 256). Plaintiffs fail to cite any applicable court rule authorizing the payment of attorneys' fees here; and they fail to establish the merit of their assertions that various agreements provide for payment of their attorneys' fees.

Based upon the foregoing, we need not consider HPD's liability for indemnification. Concur—Williams, P.J., Nardelli, Andrias, Saxe and Friedman, JJ.