■ ROBERT NICKERSON et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. HUNTS POINT COOPERATIVE MARKET, Third-Party Defendant-Appellant. [765 NYS2d 510] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 11, 2003, which, insofar as appealed from as limited by the briefs, denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of third-party defendant dismissing the third-party complaint.

Third-party defendant is not bound by the trial court's prior determination granting plaintiff summary judgment as to liability on his Labor Law § 240 (1) claim, since that determination was rendered before third-party defendant was joined in the action (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 486 [1979]). Thus, notwithstanding the prior grant of summary judgment in favor of plaintiff against defendant and third-party plaintiff, third-party defendant is entitled to summary judgment dismissing the third-party complaint because the record establishes that the complaint is without merit as a matter of law (*see* CPLR 1008; *Prigent v Friedman*, 264 AD2d 568, 569 [1999]). Specifically, the Labor Law § 240 (1) cause of action is without merit because, at the time of his accident, plaintiff was performing routine maintenance work outside the ambit of the statute (*see Jehle v Adams Hotel Assoc.*, 264 AD2d 354 [1999]); the Labor Law § 200 and common-law negligence causes of action are without merit because the record establishes that defendant and third-party plaintiff exercised no

authority or control over the work in question (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]); and the Labor Law § 241 (6) cause of action is without merit because there is no evidence that plaintiff's injury resulted from a violation of a sufficiently specific provision of the Industrial Code or other safety regulation (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Brown v New York City Economic Dev. Corp.*, 234 AD2d 33, 34 [1996]). Concur—Tom, J.P., Sullivan, Rosenberger, Lerner and Friedman, JJ.