■ BERNADELLE CHARLES, Plaintiff, v LONG ISLAND COLLEGE HOSPITAL et al., Defendants, and ATLANTIC HEMODIALYSIS CENTER, Defendant and Third-Party Plaintiff and Second Third-Party Plaintitt-Appellant. NEW YORK DIALYSIS SERVICES, INC., Third-Party Defendant-Respondent; MEDICAL APPLICATIONS OF NEW YORK, INC., et al., Second Third-Party Defendants-Respondents. [850 NYS2d 173]—

In an action to recover damages for medical malpractice and wrongful death, the defendant third-party plaintiff/second third-party plaintiff appeals from an order of the Supreme Court, Kings County (Rivera, J.), dated August 15, 2006, which granted that branch of the motion of the third-party defendant which was to dismiss the third-party complaint pursuant to CPLR 3211 (a) (8), and granted that branch of the separate motion of the second third-party defendants which was to dismiss the second third-party complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with one bill of costs payable by the defendant third-party plaintiff/second third-party plaintiff to the third-party defendant and the second third-party defendants appearing separately and filing separate briefs.

As conceded by the defendant third-party plaintiff/second third-party plaintiff, AFMSM, Inc., sued herein as Atlantic Hemodialysis Center (hereinafter AFMSM), the plaintiff failed to properly serve it with the summons and complaint (*see e.g. De Candia v Hudson Waterways,* 89 AD2d 506, 507 [1982]; *see also Gajdos v Haughton El.,* 109 AD2d 729 [1985]; *Jacobs v Zurich Ins. Co.,* 53 AD2d 524 [1976]). Therefore, contrary to AFMSM's contention, the Supreme Court properly granted those branches of the separate motions of the third-party defendant New York Dialysis Services, Inc., and the second third-party defendants Bio-Medical Applications of New York, Inc., and FMS New York, Inc., which were to dismiss the third-party complaint and the second third-party complaint, respectively (*see Prigent v Friedman,* 264 AD2d 568, 569 [1999]; *see also Cogan v Madeira Assoc.,* 1 AD3d 1066 [2003]; *Nickerson v City of New York,* 309 AD2d 588 [2003]; *Braithwaite v 409 Edgecombe Ave. HDFC,* 294 AD2d 233, 234 [2002]; *Martinez v One Plus*

*Rental Sys.*, 247 AD2d 594 [1998]; *Lewis v Borg-Warner Corp.*, 35 AD2d 722 [1970]).

The remaining contention of AFMSM is without merit. Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.