Garza v Nunz Realty, LLC (2020 NY Slip Op 05578)





Garza v Nunz Realty, LLC


2020 NY Slip Op 05578


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 160593/18 Appeal No. 12001 Case No. 2019-04238 

[*1]Elizabeth Garza, et al., Plaintiffs-Appellants,
v
Nunz Realty, LLC, et al., Defendants-Respondents.


Vernon & Ginsburg, LLP, New York (Mel B. Ginsburg and Yoram Silagy of counsel), for appellants.
The Law Office of Fern Flomenhaft PLLC, New York (Fern Flomenhaft of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about July 12, 2019, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate the first, second, sixth, and seventh causes of action, and the punitive damages demand, and otherwise affirmed, without costs.
In this action where plaintiffs allege that the porter of the apartment building where they reside made a false report to New York City's Child Protective Services (CPS), the court properly dismissed plaintiffs' third cause of action for breach of lease/warranty of habitability, since that cause of action was previously settled by the parties in their 2018 stipulation of settlement. Plaintiffs failed to state a cause of action for fraud (fifth cause of action) because they failed to meet the heightened pleading standards for fraud claims pursuant to CPLR 3016(b). They failed to plead that alleged misrepresentations were made specifically to them, and that they relied upon the misrepresentations to their detriment (see Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 314 [1st Dept 1986]). Plaintiffs also did not state a claim for defamation (eighth cause of action) because the complaint failed to set forth "the particular words complained of" (CPLR 3016[a]; see Manas v VMS Assoc., LLC, 53 AD3d 451, 454-455 [1st Dept 2008]). Plaintiff's ninth cause of action for harassment was properly dismissed because "New York does not recognize a common-law cause of action for harassment" (see Edelstein v Farber, 27 AD3d 202 [1st Dept 2006]).
Plaintiffs' remaining claims should be reinstated. The first cause of action, for negligent hiring, retention, and supervision, was properly stated based on plaintiffs' allegations that the porter engaged in a pattern of harassment that the landlord was aware of, and the landlord continued to employ the porter after it became aware of the purportedly false report (see Scollar v City of New York, 160 AD3d 140 [1st Dept 2018]). Plaintiffs also sufficiently pleaded a claim of negligence (second cause of action), by alleging that the landlord failed to take minimal safety precautions against foreseeable harm from the porter, in that the porter made previous false reports to the police that the landlord was aware of, and thus it was foreseeable that the porter would make a false claim such as the one to CPS (see CB v Howard Sec., 158 AD3d 157, 164-165 [1st Dept 2018]).
Although New York does not recognize an independent cause of action for punitive damages (see Wholey v Amgen, Inc., 165 AD3d 458, 459 [1st Dept 2018]), plaintiffs' "fourth cause of action" sufficiently made a demand for punitive damages in connection with the other claims in the complaint. Plaintiffs sufficiently alleged that defendants' pattern of harassment, which included the false CPS report, was intentional, malicious, and wanton (see Rey v Park View Nursing Home, 262 AD2d 624, 627 [1st Dept 1999]).
Plaintiffs also stated causes of action for intentional and negligent infliction of emotional distress (sixth and seventh causes of action), based on their allegations that defendants engaged in extreme and outrageous conduct intended to cause, or creating an unreasonable risk of causing, emotional distress, which they did suffer (see Scollar at 144; see also Sheila C. v Povich, 11 AD3d 120, 130-131 [1st Dept 2004]).
We have considered plaintiff's remaining contentions and find them unavailing or not properly before this Court (see Herman v Herman, 162 AD3d 459, 461 [1st Dept 2018], lv denied 32 NY3d 915 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020