Wilson v Tully Rinckey PLLC (2021 NY Slip Op 07341)





Wilson v Tully Rinckey PLLC


2021 NY Slip Op 07341


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

533133
[*1]Theresa Wilson, Respondent,
v
Tully Rinckey PLLC, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Tully Rinckey PLLC, Albany (Allen A. Shoikhetbrod of counsel), for appellant.
McCarthy Law, Albany (Mark J. McCarthy of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered February 20, 2020 in Saratoga County, which, among other things, denied defendant's motion to dismiss the complaint.
Plaintiff retained defendant, a law firm, to assist with negotiating a settlement agreement between her and the Town of Milton, her former employer, and the Town's supervisor. Plaintiff thereafter commenced this action alleging legal malpractice and breach of contract stemming from defendant's negotiation of the settlement agreement. According to the complaint, defendant committed legal malpractice after a provision in the settlement agreement that was supposed to guarantee plaintiff future employment with Saratoga County was deemed unenforceable. Plaintiff further alleged that defendant compelled her to sign this agreement. The breach of contract claim was premised on allegations that defendant retained a monetary amount that exceeded the parties' retainer agreement. Defendant, in a pre-answer motion, moved to dismiss the complaint under CPLR 3211. Supreme Court denied the motion. Defendant appeals. We affirm.
Defendant contends that Supreme Court erred in permitting plaintiff to submit late opposition papers to the motion. We disagree. The court retains the discretion to accept late opposition papers upon a showing of a valid excuse (see Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 [2013]; see generally CPLR 2004). As the court noted, plaintiff explained that the delay in submitting timely opposition was due to serious medical and health reasons of plaintiff's counsel. Also taking into account the lack of prejudice to defendant, the fact that defendant was given the opportunity to submit a reply (see Heath v Normile, 131 AD3d 754, 756 [2015]) and the policy of resolving cases on the merits (see Associates First Capital v Crabill, 51 AD3d 1186, 1188 [2008], lv denied 11 NY3d 702 [2008]), the court providently exercised its discretion in accepting plaintiff's late opposition (see Matter of Burkich, 12 AD3d 755, 756 [2004]; Whiteford v Smith, 168 AD2d 885, 885 [1990]).
As to the merits, a cause of action for legal malpractice requires that plaintiff demonstrate that "[defendant] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that [defendant's] breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]; see Schrowang v Biscone, 128 AD3d 1162, 1162-1163 [2015]). Defendant argues that plaintiff had ample time to discuss, review and ask questions about the terms of the settlement agreement prior to its execution. Defendant also maintains that plaintiff was aware of the possibility that she might not receive employment by the County.
The settlement agreement, however, did not state that plaintiff may be employed [*2]with the County. Rather, it provided that plaintiff "will be offered a position" with the County. Plaintiff averred that she believed that she was going to receive a job offer from the County and alleged that she relied on the representation that she would be employed with the County. She further alleged that defendant did not obtain the signature of a County representative to ensure that she would receive future employment with the County and that, absent such employment, her settlement compensation was grossly deficient. Plaintiff also averred that she was never counseled about how to protect her right to future employment with the County and alleged that, after she raised questions about the settlement agreement, an attorney with defendant told her that "the law firm was 'done' working on her case" and that she had to sign the agreement. Accepting plaintiff's averments and allegations as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Berry v Ambulance Serv. of Fulton County, Inc., 39 AD3d 1123, 1124 [2007]) and inasmuch as the documentary evidence submitted by defendant does not conclusively refute them (see New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1594 [2017]), Supreme Court correctly denied that part of the motion seeking dismissal of the legal malpractice claim (see Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [2014]; Soule v Lozada, 232 AD2d 825, 825 [1996]).[FN1]
Regarding the breach of contract claim, plaintiff alleged in the complaint that the retainer agreement between the parties provided that defendant would receive 33&frac13;% of any amount received by plaintiff as compensation. There is no dispute that defendant received $25,000 as payment for legal fees. The record, however, does not conclusively establish how this amount was calculated or how it represented 33&frac13;% of plaintiff's total compensation. Taking into account that plaintiff received $10,000 as monetary compensation from the Town and other incidental benefits and according plaintiff the benefit of every possible favorable inference, defendant is not entitled to dismissal of the breach of contract claim at this juncture (see Dubon v Drexel, 195 AD3d 991, 993 [2021]; Dubrow v Herman & Beinin, 157 AD3d 620, 621 [2018]). Finally, defendant's reliance on the voluntary payment doctrine is unavailing.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Although the notice of motion stated that defendant was seeking dismissal under CPLR 3211 (b), the memorandum of law in support of the motion referenced CPLR 3211 (a) (1) and (7) and Supreme Court analyzed the motion under the standards applicable to that subdivision and paragraphs.