| Giannone v Silvestri |
|:---:|
| 2026 NY Slip Op 30171(U) |
| February 4, 2026 |
| Supreme Court, Tioga County |
| Docket Number: Index No. 2024-00064107 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Term of the Supreme Court of the State
of New York held in and for the Sixth
Judicial District at the Broome County
Courthouse, Binghamton, New York on
August 15, 2025.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF TIOGA

---

ROBERT GIANNONE,                                    **DECISION AND ORDER**

                                Plaintiff,          Index No. 2024-00064107

        vs.

PERRY SILVESTRI and LANCE LAMB,

                                Defendants.

---

PERRY SILVESTRI and LANCE LAMB,

                        Cross-Claim Plaintiffs,

        vs.

HOWARD HANNA REAL ESTATE SERVICES,
THOMAS COLLISON AND MEAGHER ATTORNEYS
AT LAW, PASTO LAW FIRM, RHONDA PASTO,
GREAT AMERICAN TITLE BAYTOWN, MINERVA
HOLLINGSWORTH, JOHN DOE 1-10,

                        Cross-Claim Defendants.

---

APPEARANCES:

Counsel for Plaintiff:          Law Office of Paul M. Price, Esq.
                                BY: PAUL M. PRICE, ESQ.
                                25 Main Street
                                Binghamton, NY 13905

Counsel for Defendants and Cross-Claim
Plaintiffs Perry Silvestri and
Lance Lamb:

Robert S. Beehm, Attorney at Law
BY: ROBERT S. BEEHM, ESQ.
84 Court Street, Suite 201
Binghamton, NY 13901


Counsel for Howard Hanna Real
Estate Services:

Woods Oviatt Gilman LLP
BY: JENNIFER M. SCHAUERMAN, ESQ.
1900 Bausch and Lomb Pl.
Rochester, NY 14604


Counsel for Thomas Collison and
Meagher Attorneys at Law, Pasto Law Firm
And Rhonda Pasto, Esq.:

Traub Lieberman Straus & Shrewsberry LLP
BY: SEAN E. KELLY, ESQ.
445 Hamilton Ave., Suite 900
White Plains, NY 10601


Counsel for Great American Title Baytown,
And Minerva Hollingsworth:

Mancuso Brightman PLLC
BY: JOHN A. MANCUSO, ESQ.
160 Allen Creek Rd., Suite 250
Rochester, NY 14618-3309

2

## EUGENE D. FAUGHNAN, J.S.C.

This matter is before the Court to address three separate motions to dismiss. They all relate to the claims being made by Defendants Perry Silvestri and Lance Lamb (Silvestri and Lamb). The claims have sometimes been referred to as Cross-Claims and other times as Third-Party claims. The distinction will be discussed below, but the Court deems them to be Third-Party claims. The parties appeared for oral argument on the motions. After due deliberation, this constitutes the determination of this Court.[1]

## BACKGROUND FACTS

This case involves ownership of real property located at 211 Weiss Road in the Town of Tioga. Plaintiff, Robert Giannone commenced an action to quiet title to the property pursuant to Article 15 of the Real Property and Proceedings Law. Plaintiff claims that, despite Silvestri and Lamb filing a deed to the property on September 30, 2024, Plaintiff is the rightful owner, having obtained title to the property via a bankruptcy sale on January 27, 2014 for $81,500, and that he has not transferred his ownership.[2]

The Silvestri and Lamb deed was filed by Pasto Law Firm, P.C., which had been retained by Defendants to handle the closing. The purchase price was listed as $80,000, and the closing statement shows the total cost of purchase as $81,336.81 when including filing fees and tax payments. Notwithstanding that deed, Plaintiff claims that the 2024 deed is a forgery and that he never sold his property to the Defendants. He points out that the notarization of his signature was made by a Texas notary on September 13, 2024, but that Plaintiff lives in New Jersey, further supporting a conclusion that the signature on the deed was not his.

According to Defendants, they were looking to buy land in the Tioga County area to be used for hunting and other recreational purposes. Defendants worked with Tom Bronk, from Howard Hanna Real Estate Services ("Howard Hanna"), to help locate a suitable property. The

---

[1] The Court has considered all the papers filed in support and opposition to the motions, as well as all the other documents contained in the electronic case file.

[2] For purposes of this Decision and Order, Silvestri and Lamb will be referred to as Defendants and/or Third-Party Plaintiffs, and the parties against whom they are asserting claim will be designated as Third-Party Defendants.

3

property was listed in a posting by Howard Hanna. Believing the property to be for sale, Silvestri and Lamb walked the property with Bronk on July 21, 2024 and made an offer to purchase the property. The following day, they signed a purchase offer, which was apparently accepted by an impostor purporting to be the owner. The person posing as the owner/seller has never been identified.

Defendants retained Rhonda Pasto, with Pasto Law Firm, to handle the purchase and closing. The purported owner/seller was represented by Thomas Collison and Meagher Attorneys at Law ("TCM"), and TCM provided an Abstract of Title Continuation. The closing took place at the Law offices of TCM on September 27, 2024. The deed transfer was pre-signed, supposedly by Giannone, and contains a notarization from Minerva Hollingsworth, who is employed by Great American Title Company of Baytown, Texas ("Great American Title"). Subsequent to the closing, information was obtained that Ms. Hollingsworth's notary stamp was compromised. Defendants assert that Great American has dealt with multiple fraudulent transfers because of that notary breach.

To summarize, it appears that some unknown person pretended to own the vacant premises, enticed Silvestri and Lamb to make a purchase offer, then forged Giannone's signature on the deed utilizing a fake notarization. By pre-signing the deed, the impostor did not have to appear at the closing, which proceeded, and resulted in Silvestri and Lamb obtaining and filing a deed to the property. Sometime later, Giannone discovered that someone else was claiming to be the owner of this property, and signed a deed without his knowledge.

## PROCEDURAL FACTS

Giannone commenced this action on December 19, 2024, seeking a determination that he is the rightful owner of the property. Giannone brought his claim against Silvestri and Lamb, who were listed as owners pursuant to the deed filed in September, 2024, and are the parties claiming an ownership interest in this property, and therefore, are the proper defendants to a quiet title claim.

Silvestri and Lamb retained attorney Robert S. Beehm, Esq. to represent them in this lawsuit. On or about March 25, 2025, a Verified Answer with Cross-Claims was filed. In that filing, Silvestri and Lamb identified "Cross-Claim Defendants", including Howard Hanna, TCM,

4

Pasto Law Firm, Rhonda Pasto, Great American Title and Hollingsworth. Defendants advanced four causes of action against those Cross-Claim Defendants: 1) fraud; 2) unjust enrichment; 3) negligence; and 4) breach of contract. A second caption was also added showing that Silvestri and Lamb are Plaintiffs against those Cross-Claim Defendants. The second captioning is typical with a Third-Party action, not a Cross-Claim. Thereafter, on April 22, 2025, Silvestri and Lamb filed a Summons and a Verified Answer and Cross-Claims. The Summons appears to be new, but the Verified Answer with Cross-Claims is the same as what was filed on March 25, 2025.

Howard Hanna filed a motion to dismiss on May 21, 2025, pursuant to CPLR 3211 (a)(7) [failure to state a cause of action]. The motion argues that the fraud claim should be dismissed due to not meeting the heightened pleading standard for fraud claims as required by CPLR 3016(b), and failing to allege all the necessary elements for a fraud claim. Howard Hanna also asserts that the unjust enrichment claim and negligence claim are duplicative of the breach of contract claim and should be dismissed. Further, the negligence claim should be dismissed because Howard Hanna did not owe any duty to Silvestri and Lamb. Lastly, Howard Hanna argues that dismissal of the contract claim is appropriate because Defendants have not identified a contract or any provisions that were allegedly breached. In support of the motion, Howard Hanna submitted an affirmation of Jennifer M. Schauerman, Esq. and a Memorandum of Law.

Rhonda Pasto and Pasto Law Firm filed the next motion to dismiss, based on CPLR 3211(a)(1) [documentary evidence] and CPLR 3211(a)(7). In support, they filed an affidavit of Stephen A. Sharkey, Esq. and a Memorandum of Law. They argue that no claims can be asserted against attorney Pasto in her individual capacity, as her actions were all taken through her law firm. They also assert that the fraud claim has not been stated with particularity, so it should be dismissed. Further, the fraud claim and unjust enrichment claims simply re-state the negligence claim, so they should both be dismissed. Additionally, any negligence claim is really a claim for legal malpractice, but Defendants have not identified any action that Pasto took, or did not take, that resulted in Defendants' loss, so the negligence claim should be dismissed. Lastly, Pasto and Pasto Law argue that there can be no breach of contract because Pasto/Pasto Law was not a party to the contract of sale.

Great American Title and Hollingsworth also filed a motion to dismiss the case based on CPLR 3211 (a)(7) and (8) [lack of personal jurisdiction]. In support, they submitted an affirmation of John Mancuso, Esq., with exhibits, and an affirmation of Hollingsworth, with

5

exhibits, as well as a Memorandum of Law. They argue that Great American Title is not subject to New York jurisdiction, and that all the claims asserted against it fail to state a cause of action.

The moving and responding entities also all filed reply papers and/or Memoranda of Law. Those will be addressed as necessary.

On June 24, 2025, TCM filed an Answer with affirmative defenses. Among other things, TCM contends that Silvestri and Lamb's claims are Third-Party actions, rather than Cross-Claims. TCM are the only Third-Party Defendants who have not made a motion to dismiss.

## LEGAL DISCUSSION AND ANALYSIS

Initially, the Court deems it appropriate to briefly discuss the mechanism by which Silvestri and Lamb have sought to bring in other defendants and assert claims against them. This involves consideration of the nature and the procedure for asserting Third-Party claims versus Cross-Claims.

Giannone's initial Complaint was only against Silvestri and Lamb as defendants. Plaintiff had no relationship or connection with any of the other entities, so they were not named as Defendants. Plaintiff claims he was not involved in selling the property, or in the execution and filing of the forged deed. He is seeking to establish that the property still belongs to him and that the second deed is of no effect.

Defendants believe that they were good faith purchasers of the property and that if there is any infirmity in their title, it was due to fraud perpetrated on them. They believe they did everything they could to protect themselves in this transaction. They engaged parties who would typically be involved in a real estate sale: an agent/broker with a reputable real estate company who facilitated the sale; a title company to ensure that they were receiving good and marketable title; and attorneys for both the buyer and the seller. Notwithstanding these safeguards, it appears that somehow, there may have been a forged document. Defendants believe that they have been victimized and that one of the other people or entities should have protected them from this situation. Therefore, Defendants want to assert their own claims against the other entities involved in the sale. They have chosen to do so by way of Cross-Claims.

6

There is a distinction between a Cross-Claim and a Third-Party claim. CPLR § 3019 addresses counterclaims and Cross-Claims, while Third-Party practice (also known as impleader) is addressed in CPLR § 1007. The distinction has been noted as follows:

> A cross-claim is a claim by <u>one defendant against another</u>; in New York, it can be for any claim at all, whether or not related to the plaintiff's claim... If, for reasons of relevancy or otherwise, a cross-claim should prove unnecessarily burdensome in a given case, it can be severed or ordered separately tried...
>
> A third-party claim is designed primarily for an indemnity or indemnity-like claim, including a contribution claim, whereas a cross-claim can interpose those or any other claims. Another distinction is that <u>a third-party claim entails summons service because it joins someone not yet a party</u>, while a cross-claim, addressing someone already in the action, does not.

Siegel & Connors, NY Prac § 227 [6th ed 2018] (footnotes omitted) (emphasis added).

All three moving Defendants believe that the claims being advanced by Silvestri and Lamb are actually Third-Party claims because they are asserted against individuals and entities that were <u>not named</u> in the Verified Complaint filed by Giannone. *See*, Howard Hanna Memorandum of Law, NYSCEF Doc. No. 16 at p.1, n.1; Pasto and Pasto Law Firm Memorandum of Law, NYSCEF Doc. No. 21 at p.1, n.1; Affirmation and Memorandum of Law filed on behalf of Great American Title and Hollingsworth, NYSCEF Doc. Nos. 40, 44. Giannone's Complaint was only against the Silvestri and Lamb as they are the people claiming an interest in the same property.

The Court agrees that impleader is the proper designation. The action by Plaintiff Giannone seeks to quiet title as between him and the Defendants, who in turn, are asserting claims against the other entities (Third-Party Defendants) in relation to the purported forgery in their deed. Silvestri and Lamb seek compensatory damages as well as indemnification/contribution in the event they are liable for any judgment. The claims of Silvestri and Lamb are being made against parties who were not already in the action. Those additional entities were also separately served with a Summons, bringing them into the action because they were not already part of the case. Therefore, the proper characterization of Defendants' action is a Third-Party Complaint, with Third-Party Plaintiffs (Silvestri and Lamb)

7

and Third-Party Defendants. The Court will review the motions to dismiss within the context of this being a Third-Party action.

There are three separate motions to dismiss, and each motion is based upon the specific involvement of the respective parties to the underlying transactions. There are some elements and theories that are raised in all three motions, particularly with respect to the sufficiency of the causes of actions asserted by Silvestri and Lamb. Prior to analyzing the motions to dismiss for failure to state a cause of action, the Court will address the motion of Great American Title and Hollingsworth to dismiss based on lack of jurisdiction, as that has the potential to be dispositive as to those Third-Party Defendants without needing to analyze the substance and sufficiency of the Third-Party Complaint.

1.   JURISDICTIONAL ARGUMENTS OF GREAT AMERICAN TITLE and
     HOLLINGSWORTH

Hollingsworth filed an affirmation in support of the motion to dismiss. (NYSCEF Doc. No. 35). In that affirmation she stated that she is an escrow officer for Great American Title[3], and that Great American Title provides title insurance services to clients in the Houston, Texas area. All its offices and services are provided in Texas. She also stated that she is only licensed as a notary in Texas and has never provided notarizations outside of Texas. She averred that some unknown person or persons duplicated her notary stamp and affixed it to the deed without her knowledge and forged her signature. She has also been advised that there have been other instances where her notary stamp and signature were forged in other states.

Hollingsworth denied any involvement with this transaction and has no New York contacts or connections. She lives in Texas and was not present in New York at any time relevant to this case. She also states that she received a copy of the Defendants' summons and Answer with Cross-Claims at the offices of Great American Title, but that she had no authority to accept service on behalf of Great American Title. Her lack of authority was also confirmed by an affidavit of Maegan Gregory, the Division President.

---

[3] She notes that the correct name of her employer is Great American Title of Houston, LLC d/b/a Great American Title, and that it was improperly sued here as Great American Title Baytown. This misnomer is not material to the Court's consideration on this motion.

Great American Title argues that this Court has no jurisdiction over it because it was never properly served. CPLR 3211 (a)(8) permits dismissal of a claim if the Court does not have personal jurisdiction over a Defendant. Service upon an LLC must be made by delivery to a member, manager, authorized agent or other person designated for that purpose (or the Secretary of State pursuant to Article 3 of the Limited Liability Company Law). *See* CPLR § 311-a. The affidavit of service upon Great American Title states that service was accomplished by personal delivery to Hollingsworth (NYSCEF Doc. No. 10). However, Hollingsworth was not authorized to accept service for Great American Title, so delivery to her does not establish proper service, and the Court has no jurisdiction over Great American Title. The issue is not whether the papers were actually delivered to Hollingsworth, but whether she had authority to accept service on behalf of Great American Title. The affidavits from Hollingsworth and Gregory show that she was not, in fact, authorized and therefore, service was not effective. *See, Alelov v. Anita Terrace Realty*, 2023 NY Misc. LEXIS 9863 (Sup. Ct. Queens County 2023). In light of that determination, the Court need not consider the factors of general or specific jurisdiction over Great American Title, long-arm jurisdiction or due process. Great American Title has not been properly served, so dismissal against Great American Title is proper. *See, Charles v. Long Is. Coll. Hosp.*, 47 AD3d 665 (2nd Dept. 2008); *but see, Rosario v. NES Med. Servs of N.Y,, P.C.*, 105 AD3d 831 (2nd Dept. 2013).

The Court next turns to the issue of jurisdiction over Hollingsworth. There does not appear to be an affidavit showing service upon Hollingsworth in her individual capacity. The document (NYSCEF Doc. No. 10) says that she was given the papers as service upon Great American Title (which was ineffective because she was not authorized to accept on their behalf), but there is no affidavit of service showing that she was served in her own personal capacity. Therefore, the Court also finds that personal jurisdiction has not been obtained over Hollingsworth and that dismissal is appropriate.

Given these findings of no jurisdiction over Great American Title and Hollingsworth, the Court need not consider their additional arguments under CPLR 3211 (a)(7). However, the other Third-Party Defendants (Howard Hanna and Pasto/Pasto Law) have made motions to dismiss under CPLR 3211 (a)(7) which need to be determined, and the Court will now turn to those arguments.

## 2. <u>CPLR 3211 (a)(7)- DISMISS DUE TO FAILURE TO STATE A CAUSE OF ACTION</u>

Howard Hanna, Pasto and Pasto Law Firm have moved to dismiss the third-party claims under CPLR 3211(a)(7). There are four causes of action contained in the Third-Party complaint, and the Court will analyze them in order.

### a. Fraud

Defendants/Third-Party Plaintiffs contend that there was a misrepresentation or omission by the Third-Party Defendants, upon which Defendants/Third-Party Plaintiffs relied, and caused them damage. Specifically, Defendants/Third-Party Plaintiffs claim that:

1) the "listing agent [Howard Hanna] and sellers [sic] Attorney [TCM] did not do their due diligence in determining that their 'client' was the true owner of the premises and was in fact looking to sell the property." (NYSCEF Doc. No. 6 at ¶ 66);

2) Defendants' own attorney, Rhonda Pasto, Esq., "failed to protect [Defendants] from misrepresentation as their legal representation on the sale of the premises." (Id. at ¶ 67);

3) Great American Title and Hollingsworth "failed their duty as a Notary Public and have failed to contact law enforcement regarding the alleged compromised notary" which has resulted in many fraudulent property transfers. (Id. at ¶ 68).

All three motions argue that the fraud claim lacks the requisite particularity. Fraud claims do require close analyses, starting with what must be shown to make out a fraud claim. The Court of Appeals has stated:

> There are five elements of fraud: (1) "a misrepresentation or a material omission of fact" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827, 37 N.Y.S.3d 750, 59 N.E.3d 485 [2016]), (2) "which is either untrue and known to be untrue or recklessly made" (Jo Ann Homes at Bellmore, Inc. v Dworetz, 25 NY2d 112, 119, 250 N.E.2d 214, 302 N.Y.S.2d 799 [1969]), (3) "made for the purpose of inducing the other party to rely upon it," (4) "justifiable reliance of the other party on the misrepresentation or material omission," and (5) injury (Pasternack, 27 NY3d at 827). Indirect communication can

10

[* 10]

establish a fraud claim if "the statement was made with the intent that it be communicated to the plaintiff and that the plaintiff rely on it" (id. at 828).

*Golobe v. Mielnicki*, 44 NY3d 86, 92 (2025).

CPLR § 3016(b) also states that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." Accordingly, it has been recognized that an action based on fraud is subject to a heightened pleading standard. *See, Garza v. Nunz Realty LLC*, 187 AD3d 467 (1st Dept. 2020); *Orchard Hotel LLC v. D.A.B. Group LLC*, 172 AD3d 530 (1st Dept. 2019). The purpose of the heightened pleading standard is to inform the defendant of the acts giving rise to the claim of fraud. Vague allegations will not be sufficient to sustain a claim for fraud.

However, "section 3016 (b) should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud ... Thus, where concrete facts are peculiarly within the knowledge of the party charged with the fraud, it would work a potentially unnecessary injustice to dismiss a case at an early stage where any pleading deficiency might be cured later in the proceedings" *Pludeman v. Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 (2008) (internal quotation marks, citations and end citations omitted); *see, Neptune Issue Inc. Profit Sharing Plan v. Eliopoulos*, 242 AD3d 1474 (3rd Dept. 2025).

In the instant matter, while all three motions are correct that Silvestri and Lamb have not provided much detail as to the alleged fraud committed by any of the Third-Party Defendants, the Court concludes that the flaw does not require dismissal. The underlying premise of the Defendants' claims is that they were duped into signing a contract to purchase property from a fraudster, who ultimately did not actually own the property. Defendants were misled into believing they were dealing with a person who had a legal right to convey the property. Plaintiff claims to be unaware of who falsely posed as owner of the property; Silvestri and Lamb did not ever meet the person who signed the deed to them, nor do they have any information concerning that person or how they came to be involved in this transaction. Since the identity of the impostor was concealed from Silvestri and Lamb, and they were unaware that the person from whom they were purchasing the land did not really own it, it is understandable, and unavoidable,

11

that Defendants would not be able to provide particularity. They do not have details of how this occurred; if they knew, they might have been able to avoid the scam in the first place. On the other hand, other parties, including the proposed Third-Party Defendants would more likely be in possession of the facts concerning the alleged fraud, or how it occurred. Ultimately, it may be that the unidentified fraudster is the only culpable party and concealed all pertinent facts from everyone, but Silvestri and Lamb should at least be able to conduct discovery to determine the role, if any, of other parties in the transaction, or any details that could shed light on how the fraud occurred. If appropriate, Silvestri and Lamb may need to amend their Third- Party Complaint and/or file a Bill of Particulars to reflect any information that comes to light during discovery. Furthermore, a motion, or motions, for summary judgment can be made in the future depending on what facts are revealed during discovery. Therefore, the Court will not dismiss the fraud claim on the basis that it has not been set forth with particularity. That determination only addresses the heightened pleading aspect, but the Third-Party Defendants have also raised other grounds for dismissal of the fraud claim.

### 1) Pasto and Pasto Law Firm motion regarding fraud

In addition to the lack of particularity argument, Pasto and Pasto Law Firm also argue that the fraud claim should be dismissed because it duplicates the negligence claim. The fraud claim against Pasto alleges that she failed to protect Defendants from misrepresentations in the sale of the premises (NYSCEF Doc. No. 6 at ¶ 67).

The alleged negligence here was in Pasto/Pasto Law failing to protect Defendants from the impostor. Where a cause of action for fraud arises from "the same facts as the [negligence or] legal malpractice cause of action, and [does] not allege distinct damages", the fraud claim is properly dismissed. *Biberaj v. Acocella*, 120 AD3d 1285, 1287 (2nd Dept. 2014); *see, Postiglione v. Castro,* 119 AD3d 920 (2nd Dept. 2014); *Daniels v. Turco*, 84 AD3d 858 (2nd Dept. 2011). Silvestri and Lamb allege that they retained Pasto to handle the sale and to protect their rights. Since the Court has concluded that Silvestri and Lamb are entitled to discovery to identify and describe the fraud, the Court cannot yet determine if the fraud and negligence/legal malpractice cause of actions are based the same underlying facts. Therefore, the Court cannot

12

dismiss the fraud cause of action against Pasto and Pasto Law Firm as duplicative at this juncture.

### 2) Howard Hanna motion regarding fraud

Howard Hanna also seeks to dismiss the fraud claim on the basis that Defendants have not alleged all the elements necessary for a fraud cause of action against it. Howard Hanna highlights the that Silvestri and Lamb do not expressly state that Howard Hanna was aware of the falsity of the alleged misrepresentations. Rather, the sparse allegation which are made by Defendants suggest that Howard Hanna also did not discover the actual facts that an impostor was posing as the owner/seller. In fact, Defendants allege that Howard Hanna did not conduct any due diligence to investigate and confirm the identity of the seller and confirm that their "client" was the true owner of the property. Howard Hanna argues that Defendants' allegations actually undercut any claim that Howard Hanna made a misrepresentation that it knew was false.

As noted in *Golobe v. Mielnicki, supra,* fraud can be found when the misrepresentation was known to be false, but it also encompasses a statement that was recklessly made. *See, e.g. Jo Ann Homes at Bellmore, Inc. v. Dworetz, supra* (evidence was sufficient to show that defendants knew, or should have known, of the falsity of their statement). The allegations made here by Silvestri and Lamb are that Howard Hanna failed to ensure that their "client" was the owner of the property he sought to convey. Had they done their "due diligence", they should have discovered that this person was not the true owner of the premises.

The Court concludes that the fraud claim against Howard Hanna sufficiently alleges that Howard Hanna knew, or should have known, of the falsity of their statements. The allegations are that Howard Hanna failed to verify the owner of the property or that the person who listed the property with them actually owned the property; as a result, Howard Hanna made a misrepresentation when they listed the property for sale. Howard Hanna's claim that it lacked "actual knowledge" of the true facts is not sufficient to grant dismissal, when a claim is made that it should have known of the falsity of its statements.

### b. Unjust Enrichment

The second cause of action advanced by Silvestri and Lamb is that the Third-Party Defendants have been unjustly enriched. Howard Hanna received a commission on the sale. Pasto and TCM also received legal fees for their work. Silvestri and Lamb argue that the whole process and sale was tainted by fraud and that the Third-Party Defendants were not entitled to compensation for any work in connection with this matter.

Pasto/Pasto Law argue that the unjust enrichment claim should be dismissed due to being duplicative of the negligence claim. Howard Hanna seeks to dismiss the unjust enrichment claim as duplicative of the breach of contract claim.

Unjust enrichment "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled … An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" *Corsello v. Verizon N.Y., Inc.*, 18 NY3d 777, 790 (2012) (internal citations and end citations omitted); *Turner v. Quinones*, 2025 NY App. Div. LEXIS 6928 (3rd Dept. 2025). A conventional tort claim could include claims of negligence and malpractice. *See, Hyman v. Burgess*, 125 AD3d 1213, 1215 (3rd Dept. 2015) (dismissal of unjust enrichment claim, as well as breach of contract claim, was appropriate when those claims "were encapsulated within and entirely duplicative of plaintiff's legal malpractice cause of action" [citations omitted]).

Pasto/Pasto Law represented Silvestri and Lamb, the buyers in this transaction. It is alleged that Defendants completed the purchase as advised by Pasto, and that Pasto/Pasto Law profited due to their own negligence. Thus, the basis of the claim is that Pasto's negligence led to Defendant's loss and pecuniary gain to Pasto/Pasto Law, such that Pasto/Pasto Law was unjustly enriched. The Court concludes that the facts, legal arguments and relief sought are the same, and that the unjust enrichment claim against Pasto/Pasto Law duplicates the negligence claim. *See, e.g. Boesky v. Levin*, 193 AD3d 403 (1st Dept. 2021); *O.K. Petroleum Intl., Ltd. v. Palmieri & Castiglione, LLP*, 136 AD3d 767 (2nd Dept. 2016); *Hyman v. Burgess*, 125 AD3d 1213.

14

Howard Hanna similarly seeks to dismiss the unjust enrichment claim, but they base it on being a duplicate of the breach of contract claim. Defendants entered into a purchase contract with the hope and expectation of purchasing the subject property. Due to the chicanery of some unknown person, Defendants have potentially lost over $80,000, and Howard Hanna was allegedly unjustly enriched by receiving commissions on this fraudulent transaction. There are indications that Howard Hanna did not cash the check for commission fees due to the current dispute, but that does not change the Court's analysis. The breach of contract claim alleges that the Third-Party Defendants did not execute the contract and sale properly, resulting in Defendants' damage. The allegations of unjust enrichment duplicate the breach of contract claim against Howard Hanna. *See, Turner v. Quinones, supra.* Therefore, the unjust enrichment claim against Howard Hanna is properly dismissed.

An unjust enrichment claim is not a "catchall" and is generally not available when other causes of action are available. Here, the Court concludes that Defendants' unjust enrichment claims are duplicative of their claims for negligence and breach of contract. Accordingly, the unjust enrichment claim is dismissed against all parties.

### c. Negligence

Pasto and Pasto Law seek to dismiss the negligence claim. A negligence claim in the context of a professional is a malpractice claim. Legal malpractice is negligence by an attorney. *See*, 1 Weinstein-Korn-Miller, *NY Civ Prac P* 214.24 ("Malpractice is the negligence of a professional toward the person for whom he or she renders a service"); *Crews v. County of Nassau*, 612 F. Supp.2d 199 (EDNY 2019); *see also, Butler v. Wyckoff Hgt. Med. Ctr.*, 233 AD3d 745 (2nd Dept. 2024) (medical malpractice); *Board of Trustees of Ibew Local 43 v. D'Arcangelo & Co., LLP*, 124 AD3d 1358 (4th Dept. 2015) (accounting malpractice).

"[A] cause of action for legal malpractice requires that plaintiff demonstrate that 'defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that defendant's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages'" *Wilson v. Tully Rinckey PLLC*, 200 AD3d 1466, 1467 (3rd Dept. 2021)(internal brackets omitted), *quoting Rudolf v. Shayne, Dachs,*

15

*Stanisci, Corker & Sauer*, 8 NY3d 438, 442, (2007). Here, Defendants assert that Pasto/Pasto Law committed negligence/legal malpractice in allowing the sale to occur in spite of the forgery.

Pasto and Pasto Law argue that Defendants have failed to allege sufficient facts to support a claim for legal malpractice. In particular, Pasto and Pasto Law point out that Defendants signed the purchase contract prior to retaining Pasto and Pasto Law, so they had already been defrauded by the impostor. They further claim that Defendants have failed to allege any facts that Pasto knew, or should have known, of the fact that someone else was posing as Giannone, or that Pasto deviated from the standard of care to provide competent legal services.

Although it appears that Defendants signed the contract prior to retaining Pasto, the Court is unpersuaded that such a fact shields a buyers' attorney from any and all duties or liability pertaining to a forged seller's signature. In a real estate transaction, it is not uncommon for the buyer to sign the contract first and then retain an attorney to handle to transaction and closing. The fact that the contract was signed does not mean that the buyer's attorney is insulated from the effects of the execution of the contract, or the terms contained therein. In fact, review of the contract is the starting point of the representation, as it contains many items crucial to the buyer's attorney's representation. Those could include things such as inspection deadlines, any contingencies, property description, price, earnest money deposit, closing date, items included or excluded, as well as the parties to the contract. Although the contract may have already been signed, the buyer's attorney needs to ensure that all the criteria are met, and that may include considering if the seller has authority to sell the property. The Court cannot identify all the responsibilities that a buyer's attorney may have, and Defendants have not provided details about what other actions ought to have been taken, but as noted above, the fraud and concealment surrounding the impostor make facts and details scarce to the buyers. Such facts may come to light during discovery, and the Court finds that it would be premature to dismiss Defendants' claim for negligence/legal malpractice at this point.

Howard Hanna has also moved to dismiss the negligence claim against it, arguing that the negligence claim replicates the breach of contract claim, and that Defendants have not alleged that Howard Hanna owed a duty to the Defendants.

Silvestri and Lamb allege that: Howard Hanna had an obligation to ensure that the property was listed by the actual owner and had an obligation to provide accurate information regarding the subject property; Howard Hanna failed to verify the true owner of the property;

16

and that this breach in duty caused damage to the buyer in that they relied upon the obligations of Howard Hanna when Defendants purchased the property. In this transaction, it appears that Howard Hanna listed the property which would suggest it was the seller's agent/broker. A real estate broker owes a duty to its principal (*Dubbs v. Stribling & Assocs.*, 96 NY2d 337 [2001]), and a seller's broker does not owe a duty of care to a potential buyer. *See Stambovsky v. Ackley*, 169 AD2d 254 (1st Dept. 1991); *see also*, Real Property Law § 443. Although there is a suggestion that Howard Hanna was a seller's agent, Defendants also alleged that Howard Hanna owed a duty to provide accurate information about the property. That could be true if Howard Hanna was a buyer's agent or dual agent. The allegation that Howard Hanna had a duty has been made, and although it is not supported by any documentation at this point, Howard Hanna has also not submitted evidence that conclusively establishes that there was no duty.[4]

Accordingly, at this time the Court denies the motion by Howard Hanna to dismiss the negligence claim.

### d. Breach of contract

Pasto and Pasto Law also seek to dismiss the breach of contract claim. Defendants entered into a real estate contract for the property, and Pasto/Pasto Law was named as Defendants' attorney. Since Pasto/Pasto Law were not parties to the purchase contract, they claim they cannot be liable for breach of that contract. In addition, they argue that Defendants have not identified any portions of the contract that were supposedly breached. Howard Hanna's motion to dismiss the breach of contract claim raises similar arguments that it was not a party to the real estate contract and because Defendants failed to identify any provision of the alleged contract that was breached by Howard Hanna.

Pasto/Pasto Law point out that Defendants' Third-Party Complaint alleges that "a contract existed between all parties" (NYSCEF Doc. No. 6 at ¶ 85), but Defendants do not attach any such contract or explain what provisions were breached by Pasto/Pasto Law. The only

---

[4] The Court is also aware that in Defendants' Opposition to Howard Hanna's motion, when addressing the unjust enrichment claim, Defendants argued that Howard Hanna listed the property <u>as a representative of the seller</u>. (NYSCEF Doc. No. 52 at p.4 [emphasis in original]). However, a party can make alternative and even contradictory claims.

17

allegations of a contract are between the fraudulent seller and Defendants. Curiously, even though there was a legal relationship between Defendants and Pasto/Pasto Law (Defendants retained Pasto/Pasto Law to handle the closing for them), the Third-Party Complaint only mentions the sales contract, and not any retainer agreement/contract. Pasto/Pasto Law was not a party to the contract between seller and buyer, so it cannot be liable for breach of that contract. *See Blank v. Noumair*, 239 AD2d 534 (2nd Dept. 1997). Defendants have also not identified any provision of the purported sales contract that was breached by Pasto/Pasto Law, and therefore dismissal of the breach of contract claim is appropriate. *See, Sutton v. Hafner Valuation Group*, 115 AD3d 1039 (3rd Dept. 2014).

Similarly, Defendants do not identify any contract to which Howard Hanna was a party, nor are there allegations as to what provisions of the contract were breached by Howard Hanna. The contract was between the seller and the buyers. Howard Hanna was not a party to that contract, nor have Defendants identified any provisions breached by Howard Hanna.

Thus, the motion to dismiss the breach of contract claim against Pasto/Pasto Law is granted; the motion to dismiss the breach of contract claim against Howard Hanna is also granted.

### 3. MOTION OF PASTO TO DISMISS CLAIMS AGAINST HER INDIVIDUALLY

Pasto seeks to dismiss claims directed at her individually. She claims, and Defendants do not dispute, that all the actions she took were through her law firm. For example, the Third-Party Complaint notes that Defendants "utilized Rhonda Pasto, Esq. of Pasto Law Firm, P.C. as their Attorney for this process." There are no allegations that Ms. Pasto acted in her individual capacity or in any manner other than through her law firm or professional corporation.

Despite the fact that Pasto performed services through her professional corporation, that does not mean she is not exposed to any personal liability. Where a legal malpractice claim is brought against a law firm organized as a professional corporation, a member "can be personally liable for the negligent performance of those services if [s]he participated in the negligent acts or supervised and controlled the members of the corporation who committed the negligent acts" *Beltrone v. General Schuyler & Co.*, 223 AD2d 938, 939 (3rd Dept. 1996), *citing We're Assocs.*

18

*Co. v. Cohen, Stracher & Bloom*, 103 AD2d 130 (2nd Dept. 1984), *aff'd* 65 NY2d 148 (1985); Business Corporation Law § 1505(a); *see, Ruggiero v. Miles*, 125 AD3d 1216 (3rd Dept. 2015).

Therefore, the motion to dismiss Pasto individually is denied.

## CONCLUSION

Accordingly, based on all the foregoing and after due deliberation, it is hereby

ORDERED, that the motion of Great American Title and Hollingsworth to dismiss based on lack of personal jurisdiction is GRANTED; and it is further

ORDERED, that the motion by Pasto/Pasto Law to dismiss the claim for fraud is DENIED; the motion to dismiss the claim for unjust enrichment is GRANTED; the motion to dismiss the claim for negligence is DENIED; the motion to dismiss the claim for breach of contract is GRANTED; and the motion to dismiss Pasto, individually, from the case entirely is DENIED; and it is further

ORDERED, that the motion by Howard Hanna to dismiss the claim for fraud is DENIED; the motion to dismiss the clam for unjust enrichment is GRANTED; the motion to dismiss the claim for negligence is DENIED; and the motion to dismiss the claim for breach of contract is GRANTED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

ENTER:

Dated: February 4 , 2026
Binghamton, New York

HON. EUGENE D. FAUGHNAN
Supreme Court Justice

19